## SIMS v. DAVIS.

1. REAL PROPERTY—ACTION SURVIVING.—An action for damages for trespass by defendant on lands in possession of plaintiff in 1891, does not survive or continue against the heirs of the defendant upon his death during the pendency of the action.

2. IBID.—ACTION CONTINUED—SUMMONS—RULE TO SHOW CAUSE.—An action against ancestor for damages for trespass may be continued against the heir, after more than one year from death of ancestor, by service of supplemental complaint without summons, but with rule to show cause why the action should not be continued on the supplemental complaint.

3. RES JUDICATA—RULE TO SHOW CAUSE.—In this case the Circuit Judge did not undertake to adjudge anything by the rule to show cause.

Before TOWNSEND, J., Richland, July, 1903. Reversed.

Motion to continue the case of James C. F. and Frank E. Sims against George W. Davis against the heirs and administrator of the defendant, who died during action pending.

The plaintiffs commenced an action on September 5, 1891, against the defendant, George W. Davis, for damages for trespass on lands in possession of plaintiff, and to which they claimed title. Defendant answered denying the allegations in the complaint and alleging title in himself to the land. In April, 1899, the following notice of motion anad affidavit was served upon Mrs. Mary E. Davis and G. Wilmot Davis, individually, and as administrator of George W. Davis, deceased:

"To Mrs. Mary E. Davis and G. Wilmot Davis, and to G. Wilmot Davis, as administrator of the estate of George W. Davis, deceased: Take notice that Frank E. Sims will apply to the presiding Judge of the Court of Common Pleas for Richland County in open Court, on Monday, April 24, 1899, at 10 A. M., or as soon thereafter as counsel can be heard, for an order granting to said Frank E. Sims leave to serve and file a supplemental summons and complaint reviving said action in his name against you and all of you. The motion will be based upon the original summons, complaint and answer in the cause and upon the affidavit herewith served.

"Respectfully,          ROBT. W. SHAND,

"Attorney for Frank E. Sims."

"*Affidavit.*

"State of South Carolina, Richland County.

"Before me personally comes Frank E. Sims, and says on oath that he is one of the plaintiffs in this action; that the action was commenced on the 31st August, 1891, by leaving summons and complaint with the Sheriff of Richland County for service, the said complaint being for injury to and tres-

pass upon real estate of the plaintiffs; that the said George W. Davis served his answer to said complaint on June 24, 1892, claiming title in fee to the said real estate; that the said James C. F. Sims died intestate in October, 1891, and deponent has since acquired all the rights, title and interest of all the distributees in and to the land upon which the said trespasses are alleged to have been committed, and to which a title in fee was claimed by said G. W. Davis; that the defendant, George W. Davis, died intestate on July 5, 1895, leaving him surviving as his heirs at law his widow, Mary E. Davis, and his son, G. Wilmot Davis, and the said G. Wilmot Davis is administrator of his estate; that no settlement nor adjustment of the issues raised by the said pleadings has ever been made, and the case is still on the Calendar of this Court.                    Frank E. Sims.

"Sworn to before me, this April 18, 1899.

"[L. S.]    Robt. W. Shand, Notary Public for S. C."

This motion was heard at the November, 1899, term by his Honor, Judge James Aldrich. Messrs. W. D. Melton and J. S. Muller, disclaiming in so doing to represent either Mrs. Mary E. Davis or G. Wilmot Davis, or G. Wilmot Davis, as administrator of George W. Davis, deceased, and appearing as *amici curiae* only, resisted the motion. On November 8, 1899, Judge Aldrich filed the following order:

"This was a motion for leave to serve and file a supplemental summons and complaint, reviving the above entitled action, in the name of Frank E. Sims, as surviving plaintiff, against Mary E. Davis and G. Wilmot Davis, as heirs at law, and G. Wilmot Davis, as administrator of the estate of the defendant, George W. Davis, who is alleged to have died in October, 1891.

"After reading and filing the affidavit of Frank E. Sims and the notice of said motion, and the pleadings on file in said action, and after hearing argument by Robert W. Shand, Esquire, for the motion, and by William D. Melton and J. S. Muller, attorneys, against the motion, it appearing

that more than a year has elapsed since the death of said George W. Davis.

"It is ordered, that the said motion be, and the same is hereby, refused, upon the ground that the matter cannot properly be brought before the Court by motion.

"JAMES ALDRICH,

"November 8th, 1899.          .    Presiding Judge."

In August, 1902, the following supplemental complaint was served upon G. Wilmot Davis, individually, and as administrator of George W. Davis, deceased, and upon Mrs. Mary E. Davis:

"Frank E. Sims, one of the plaintiffs above named, by way of supplement to, and revivor of, the action herein below stated, complains and says:

"I. That an action was commenced in this Court on 1st September, 1891, by the plaintiffs above named, against the defendant above named, the summons wherein was personally served on the defendant on 5th September, 1891, and the complaint whereof was in words and figures as follows:

" 'The State of South Carolina, Richland County. In the Court of Common Pleas. James C. F. Sims and Frank E. Sims, plaintiffs, against George W. Davis, defendant. The plaintiffs, complaining of the defendant, allege:

" '1. That they are tenants in common, are the owners in fee of all that certain tract of land, situate, lying and being in the County of Richland and State aforesaid, on the Stateburg or Garner's Ferry Road, about two and one-half miles from the city of Columbia, butting and bounded toward the north on the road from Columbia to Stateburg, east on lands of Dr. Fisher, formerly of the estate of Wade Hampton, south partly on lands of Dr. L. J. Hancock, and partly on lands now or formerly known as the Race Track field, which said last mentioned tract of land now belongs to one Newsom.

" '2. That during the fall of the year 1890, on the      day of November therein, while these plaintiffs were in possession thereof as owners as aforesaid, defendant wrongfully and unlawfully entered upon plaintiffs' said land, and without their consent, and after being forbidden so to do, trod down the grass, plowed up the soil, and otherwise injured said premises, to plaintiffs' damage one thousand dollars.

" 'Wherefore, plaintiffs demand judgment against the defendant for the sum of one thousand dollars, and the costs of the action.       Andrew Crawford,

" '31st August, 1891.       Plaintiffs' Attorney.'

"II. That on 24th June, 1892, the defendant duly served his answer, whereby he asserted and claimed title in fee and right of possession to the parcel of land described in said complaint, and the cause was duly docketed on the calander of this Court.

"III. That the plaintiff, James C. F. Sims, died intestate, in October, 1891, and his surviving co-partner has since acquired by purchase and devise all of the said James C. F. Sims, estate in said parcel of land.

"IV. That the defendant, George W. Davis, died intestate, on 5th July, 1895, leaving him surviving as his distributees, his widow, Mary E. Davis, and his son, G. Wilmot Davis, and the said G. Wilmot Davis is the duly appointed administrator of his father's estate.

"V. That no settlement or adjustment of the issues raised by said pleadings has ever been made and the cause is still on the calendar of this Court.

"Wherefore, the plaintiff, Frank E. Sims, prays that the said action may be continued in his name against the said Mary E. Davis and G. Wilmot Davis, as heirs at law of George W. Davis, deceased, and against G. Wilmot Davis, as administrator of the estate of said George W. Davis, deceased, and that he have judgment against said administrator, as prayed for in said original complaint, and against

the said Mary E. Davis and G. Wilmot Davis, on the issue raised by the answer of their intestate.

ROBT. W. SHAND,
"August 20, 1902.          Attorney for Frank E. Sims."

At this stage of the proceeding, the case was called up by Mr. Robert W. Shand, plaintiff's attorney, before Judge Hudson, as special Judge, holding a special term of the Court in March, 1903. Mr. Shand moved the Court for an order continuing the action in the name of Frank E. Sims against the said G. Wilmot Davis and Mary E. Davis, as heirs at law of George W. Davis, deceased, and against G. Wilmot Davis, as administrator of the estate of George W. Davis, deceased. Mr. J. S. Muller resisted the motion, stating that he had been attorney for the deceased defendant, and disclaiming to represent in so doing either Mary E. Davis or G. Wilmot Davis, or G. Wilmot Davis, as administrator of the estate of George W. Davis, deceased, and appearing as *amicus curae* only. Judge Hudson refused Mr. Shand's motion for an order of continuance, and thereupon the following *ex parte* order was applied for by Mr. Shand and granted by Judge Hudson:

"On hearing the supplemental complaint in this case, dated August 20, 1902, signed by Robt. W. Shand, attorney for Frank E. Sims, and served personally on Mrs. Mary E. Davis and G. Wilmot Davis, on 4th September, 1902, as shown by proof of service endorsed thereon, and on application of Frank E. Sims, by his attorney, Robt. W. Shand.

"It is ordered, that the said Mary E. Davis and G. Wilmot Davis show cause before this Court within twenty days after the service of a copy of this order upon them, why the said action should not be continued by Frank E. Sims against them as heirs at law of George W. Davis, deceased, on the supplemental complaint heretofore served upon them as aforesaid.                                J. H. HUDSON,
"March 23, 1903.                        Special Judge."

This order to show cause was served upon the parties named, and within the time limited therein, the following return was served:

"Mary E. Davis and G. Wilmot Davis, upon whom has been served an order of this Court, dated March 23, 1903, requiring them to show cause before this Court within twenty days after the service of a copy of said order upon them why the said action should not be continued by Frank E. Sims aganst them as heirs at law of George W. Davis, deceased, on a supplemental complaint heretofore served upon them as aforesaid, appearing by their attorneys, W. D. Melton and J. S. Muller, for the purposes of this return only, for cause why the said action should not be continued against them as aforesaid, respectfully submit:

"1. That they are not parties to this action; that the only mode of making them parties to this action is by the service of the summons herein upon them; that they are not named in the original summons herein, that said original summons has never been served upon them, or either of them; and that no amended or other summons has been issued with the said supplemental complaint, or served upon them or either of them.

"2. Because the application to continue the said action against these respondents is not based on a proper showing by affidavit, and is wholly unsupported by affidavit.

"3. Because the cause of action did not survive or continue.

"4. Because if the cause of action did survive or continue, the action should be continued against the administrator of the said George W. Davis, deceased, only, and not against these respondents as heirs at law.

"Wherefore, they pray that the said rule against them may be discharged.                    "WM. D. MELTON,
                                                    "J. S. MULLER,
"Attorneys for the said Mary E. Davis and G. Wilmot Davis
    for the purposes of this return only.
    "April 8, 1903."

The proceeding came up before his. Honor, Judge D. A. Townsend, at the July, 1903, term of the Court for Richland County.    At this hearing, in addition to the grounds set out in the return, it was urged that the motion of plaintiff had been finally passed upon by the order of Judge Aldrich of November 8, 1899, and was *res judicata*.

On August 1, 1903, Judge Townsend filed the following order:

"In this case, the action was commenced 1st September, 1891, by J. C. F. Sims and Frank E. Sims against George W. Davs. The complaint alleged that plaintiffs were owners as tenants in common, of a parcel of land, and were in the possession thereof, and that defendant had committed certain alleged acts of trespass thereon; and judgment was demanded for $1,000. The defendant answered, making a general denial and alleging further that he. was seized in fee of this land and was entitled to the possession of it. The cause was docket for trial, but before trial had, James C. F. Sims died intestate in October, 1891, and the defendant died intestate 5 July, 1895.

"In August, 1902, the cause being still on the calendar of this Court, Frank E. Sims served upon Mary E. Davis and G. Wilmot Davis a supplemental complaint, in which he alleged the above facts, claimed to be now the successor in interest of the share of J. C. F. Sims, deceased, and prayed 'that the said action might be continued in his name against the said Mary E. Davis and G. Wilmot Davis, as heirs at law of George W. Davis, deceased, and against G. Wilmot Davis, as administrator of the estate of George W. Davis, deceased, and that he have judgment against said administrator as prayed for in said original complaint, and against the said Mary E. Davis and G. Wilmot Davis on the issue raised by the answer of their intestate.' This supplemental complaint was not verified.

"The matter was brought up before Judge Hudson, as special Judge, holding a special term of the Court of Com-

24—70.

mon Pleas for Richland County, in March, 1903. At the hearing, Mr. J. S. Muller appeared in opposition, declaring that he did so not as attorney for Mrs. Davis and her son, but only as *amicus curiae.* After argument, Judge Hudson passed the following order" (already set out herein).

"The respondents, Mary E. Davis and G. W. Davis, having been served with copies of Judge Hudson's order, made return, 'appearing by their attorneys, W. D. Melton and J. S. Muller, for the purposes of this return only, for cause why the said action should not be continued against them as aforesaid,'" which return is previously set out herein in full.

"Upon these papers the case was heard before me at the July term of the Richland Court. The first ground of the return objects that the action could not be continued against the heirs of Geo. W. Davis without the issue and service of an amended summons. In the case of a supplemental complaint where the parties are all living, no additional summons is required, because the parties are already in Court. To revive an action against the heirs of one deceased, the Code, section 142, requires the service of a supplemental complaint, but says nothing about serving an amended summons. If the action descends *ipso facto* to the heirs of one deceased, so that no summons is necessary within a year to make them parties to the cause, for the reason that they are already parties, I cannot see how they cease to be parties at the expiration of a year.

"But, however that may be, notice was given to these respondents that the action would be pressed against them and application made to the Court for judgment under the supplemental complaint. Without any appearance by them, but after hearing Mr. J. S. Muller, *contra,* as the professed *amicus curiae,* Judge Hudson passed the order above quoted. It certainly was not passed without full notice to them, and from it no appeal has been taken. Besides, as said by the Court in *Lyles* v. *Haskell,* 35 S. C., 403, 'We find no express

requirement that in a case continued by order there must also be a summons; and the order as served contained substantially all the elements of a summons, we cannot say that the absence of a formal summons was a jurisdictional defect."

"While, therefore, I think Judge Hudson was right in granting this order, I am sure that it is too late now to object, and that I am without power to treat his order as a nullity on the return now under consideration. And that order disposes of all the objections raised by the return of the respondents.

"I will add, however, that I think the cause of action survived. In an action for trespass to real estate, the plaintiff is required to prove title or possession according to the nature of the defense. If the defendant does not raise the issue of title, plaintiff need prove only possession and the trespass; but if defendant raises the issue of title by denial or affirmation, then the plaintiff is bound to prove title as a part of his cause of action, as stated in his complaint; and a judgment in such action settles the question of title. The plaintiffs alleged title in themselves; the original defendant denied this allegation and claimed title, and made it an issue in the cause, tendered by the plaintiffs, with the burden of proof on plaintiffs, and thus a part of plaintiffs' cause of action. This interest in the title descended by operation of law to the respondents, and is the subject of this action.

"It is, therefore, ordered that the return of the respondents is insufficient and is hereby overruled, with leave to them to make proper answer to the allegations contained in the supplemental complaint within twenty days from notice of the filing of this order."

From this decree, defendants, G. Wilmot Davis, in his own right and as administrator, and Mary E. Davis, appeal.

*Messrs. W. D. Melton* and *J. S. Muller,* for appellants, cite: *Defendants are not parties and can only be made so by service of a summons:* Code, 142, 198; 22 S. C., 444; 42 S.

C., 383; 35 S. C., 422.   *This action did not survive or con-
tinue:* 20 S. C., 477; 40 S. C., 397; 42 S. C., 537; 9 Rich.,
92; 21 Stat., 18; 34 S. C., 491; 6 Ency., 2 ed. 939; 26 Ency.,
2 ed., 693; 13 Rich., 283; 54 S. C., 495; 42 S. C., 538; 52
S. C., 172.; 59 S. C., 115; Pom. Rem., sec. 559; 40 S. C.,
393; 49 S. C., 1.   *If cause of action survives, it should be
continued against administrator:* 8 Ency., 2 ed., 1098; Code,
1902, 2571; 27 S. C., 323; 3 Mesr., 254; 45 S. E., 830; 59
S. C., 571.   *Plaintiffs' motion was finally passed on by order
of Judge Aldrich and is adjudicated:* 16 S. C., 364; 14 S. C.,
226; 14 S. C., 329; 47 S. C., 547.

*Mr. R. W. Shand,* contra, cites: *The action as to the
ownership of the land survives:* 49 N. Y., 125; 1 Bail., 63;
9 Rich., 389; 12 Rich., 200; 13 Rich., 172; 42 S. C., 138; 2
Strob., 332; 11 Rich., 654; 26 S. C., 304; 27 S. C., 22; 42
S. C., 138; 1 Strob., 81; 18 S. C., 554; 58 S. C., 573.
*Action against heir or representative is continued not com-
menced and summons is not necessary:* 35 S. C., 127; 55 S.
C., 273.   *Order of Judge Aldrich does not adjudicate any-
thing:* 16 S. C., 350; 22 S. C., 589; 35 S. C., 410.

December 8, 1904.   The opinion of the Court was deliv-
ered by

MR. JUSTICE WOODS.   The pleadings and the several
notices and orders which are involved in this appeal are set
out in full in the report of the case.   The exceptions will not
be considered in detail.   The two main questions involved
are: First. Did the cause of action stated in the complaint
survive or continue against the heirs of the defendant upon
his death during the pendency of the action?   Second. If it
did survive, was it necessary, upon the filing of a supple-
mental complaint, more than one year after the death of the
defendant, to issue a new summons directed to the heirs, in
order to continue the action against them?

It is clear that at the time of the death of the ancestor in
1891, no judgment for damages could be recovered against

the heir on account of the trespass of the ancestor.  *Huff* v. *Watkins,* 20 S. C., 477; *Jenkins* v. *Bennett,* 40 S. C., 397, 18 S. E., 929.  The act of 1892 (21 Stat., 18), establishing a different rule has no retroactive effect, and hence does not affect this case.  If this complaint were for the recovery of real estate, it would then be founded on a cause of action which would survive, and the action would be continued against the heirs of defendant, because they would, by operation of law, have the ancestor's claim to the land, the title to which would be adjudicated by the result of the action.  But the complaint is not for the recovery of real estate, but for a distinct trespass alleged to have been committed on the land in the possession of the plaintiff.  It is, therefore, an action of trespass *quare clausum fregit.*  It is quite true, when the plaintiff alleged that he was not only in possession, but was the owner of the land at the time of the trespass, and the defendant denied this allegation, the question of title was raised, and if the defendant had lived to have a verdict and judgment for damages entered against him, the question of title would have been effectually determined.  *Parker* v. *Leggett,* 12 Rich., 200; *Parker* v. *Leggett,* 13 Rich., 172; *Heyward* v. *Farmers' Company,* 42 S. C., 138, 19 S. E., 963.  But neither a verdict nor a judgment for the recovery of the land could have been entered. The adjudication of the title would not have been direct, but it would have followed by necessary implication from the fact that the plaintiff recovered a judgment for damages for a trespass, the judgment for damages depending on his claim of title which the defendant denied.

"A point which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a domestic court of competent jurisdiction, cannot be again drawn in question in any future action between the same parties or their privies, whether the cause of action in the two suits be identical or different." 2 Black on Judg., sec. 504. No judgment could be recovered in this action

except for damages, and damages cannot be recovered against the heirs for the trespass of the ancestor, merely because the result of the action as it originally stood would have incidentally involved the title. On this ground the judgment of the Circuit Court must be reversed. This is decisive of the case, but the other question concerns an important matter of practice, and is, therefore, considered.

The supplemental complaint was filed more than a year after the death of the defendant, under the following provision of section 142 of the Code of Procedure: "In case of death, marriage or other disability of a party, the Court, on motion, at any time within one year thereafter, or afterwards, on a supplemental complaint, may allow the action to be continued by or against his representative or successor in interest. * * *"

In *Arthur* v. *Allen*, 22 S. C., 432, 444, the Court says: "But it is said that there was no necessity or authority for issuing a summons with such supplemental complaint. The object was to make the representatives of the deceased persons parties to the action, and as the only mode of effecting that object is by the service of a summons, unless in the case where the application is made by motion within a year from the death of such parties, it would seem to follow necessarily that a summons must issue, or such representatives never would become parties. It does not appear, therefore, that the objections urged to the validity of the summons of June, 1882, and the supplemental complaint issued thereon, can be sustained. More than a year had elapsed from the death of the several parties, and hence the action could not be continued by motion, and only by supplemental complaint, for the filing of which no leave of the Court was necessary, as we have seen." It was insisted in argument that this conclusively establishes the proposition that a summons must always be issued when a supplemental complaint is filed under section 142. It will be observed in the case of *Arthur* v. *Allen, supra,* upon filing the supplemental complaint, the

summons was issued and served, and the defendants moved to set aside the services on the ground that section 142 does not contemplate the service of a summons when a supplemental complaint has been filed, and that such service was not effectual to require those against whom the action was continued to answer the complaint. The issuing and service of a summons was held to be sufficient and proper. The point was not involved in that case whether an order to show cause would not have been equivalent to a summons, or sufficient notice to the heirs to require them to answer. Whether we regard the continuance of the action against the heirs as bringing in entirely new and independent parties, or merely a substitution of the heirs in the stead of the ancestor whose rights have descended to them, it is manifest in either case the summons would be proper and sufficient. In the one case it would be necessary to commence the action against the heir, and in the other it would be adequate notice to him to answer the supplemental complaint. We do not think, however, the proceeding is to be regarded as a new action or as bringing in independent parties, but as the continuance of the old action against the heir in right of his ancestor. It is to be observed that the statute does not require the service of a formal summons, and it would be carrying technicality to its utmost limit to hold that an order of the Court giving notice of the supplemental complaint and requiring the heir to answer would not suffice to bind the heir and give the Court jurisdiction in the absence of an express provision requiring a formal summons.

Taking this view, it was said in *Lyles* v. *Haskell,* 35 S. C., 391, 402, 14 S. E., 829, after quoting the provision of the Code of Procedure here under consideration: "This was done within a year by Judge Hudson's order of June 7, 1883, and a copy of the same was served on each of the heirs, with a notice that if they did not within twenty days appear and answer the complaint, the plaintiff might apply to this Court for an order appointing a guardian *ad litem* for the infants,

&c.   It is contended, however, that a summons was indispensable.   We find no express requirement that in a case continued by order, there must be also a summons; and as the order served contained substantially all the elements of a summons, we cannot say that the absence of a formal summons was a jurisdictional defect."   It is true, that there the cause was continued by order, the defendant not having been dead more than one year, while in this case a supplemental complaint was necessary, more than a year having elapsed after death.   But in neither case is a formal statutory summons expressly required, and, therefore, the views expressed by the Court apply in one case as well as the other.   The order of Judge Hudson only required the parties to show cause why the action should not be continued against them, "on the supplemental complaint heretofore served upon them."   It adjudged nothing.   Upon the coming in of the return, Judge Townsend ordered the case to be continued against the heirs, with leave to answer within twenty days.   All this must be regarded sufficient in the absence of an express requirement for the service of a summons.

On the first ground above stated, the judgment of the Circuit Court is reversed.