LOVE v. TURNER.

1. REAL PROPERTY—VERDICT.—If an action is brought for trespass on land and the verdict is for plaintiff, "for the possession of the land and for $1 damages," the portion of the verdict as to the possession of the land may be treated as surplusage, as the verdict for damages is decisive of the title.

2. IBID.—PLEADINGS.—Allegations in a complaint of facts which make out a continued subjection of the land to the will or dominion of the defendant, make out a cause of action for possession of the land.

3. IBID.—GRANT.—In an action for possession of land plaintiff must show title against the world or from a common source, and if he claim from a grant by the State, defendant may show an older grant, without connecting himself with it, which renders the junior grant null and void.

4. CHARGING that if State granted land for which it had issued an older grant, it would be presumed to have reacquired title, is not cured by charging that if it had no title when it made the junior grant, plaintiff must establish title by adverse possession.

5. NEW TRIAL will not be granted for inadvertence of judge in seeming to charge that ten years' possession presumed a grant, when he had just charged it required twenty years, as it was duty of appellant to call attention to the inadvertence.

6. REAL PROPERTY—ADVERSE POSSESSION.—If plaintiff shows legal title to land, he is presumed to have been in possession for ten years and to recover against such title, it is necessary to rebut this presumption by proof of adverse possession.

7. IBID.—IBID.—Party holding land by adverse possession for ten years thereby acquires a good title, which he may convey and his purchaser may set up same against the legal title without himself having held for ten years.

8. IBID.—IBID.—Actual notice to holder of legal title of adverse possession is shown by proof of notorious adverse possession.

9. IBID.—IBID.—A WILL of a foreign State executed in presence of two witnesses will not pass title to land in this State, but may be available as color of title.

10. IBID.—IBID.—ESTOPPEL.—When a defendant requests Judge to charge what was necessary to give plaintiff title by adverse possession, he is estopped from insisting that plaintiff, having set out in his complaint his claim of title, can not rely on adverse possession.

Before GAGE, J., Cherokee, March, 1904.    Reversed.

Action by W. P. Love against M. J. Turner.    From judgment for plaintiff, defendant appeals.

*Messrs. Hall & Willis,* for appellants, cite: *Complaint states a cause of action for trespass:* 66 S. C., 384; 65 S. C., 284; 37 S. C., 575; 70 S. C., 362. *Plaintiff must show a perfect title:* 26 S. C., 160, 608; 27 S. C., 309; 36 S. C., 384. *Party is bound by kind of title alleged:* 21 Ency. P. & P., 936. *Adverse possession for ten years gives good title which passes to a vendee:* 26 S. C., 608; 45 S. C., 313; 50 S. C., 293. *Heir can tack to ancestor to make out statutory period:* 26 S. C., 179, 219; 53 S. C., 295. *Will to pass title must be executed in accordance with the laws of the State*

*where the land lies:* 1 Jar. on Wills, 6 ed., 10, 11; 28 S. C., 551; Story on Con. Laws, sec. 474; Redef. Wills, No. 398.

*Messrs. Stanyarne Wilson* and *J. C. Jeffries,* contra, cite: *Action is to recover real property:* 34 S. C., 271; 65 S. C., 524; 66 S. C., 384; 42 S. C., 145; 34 S. C., 271. *Presumption is that a grant is valid:* 27 S. C., 294. *As to proof of notice of adverse possession:* 1 Cyc., 997; 25 S. C., 258. *Title may be acquired by ten years adverse possession:* 23 S. C., 97; 53 S. C., 218; 69 S. C., 84. *Right of possession follows title:* 3 Strob., 471. *It is only necessary to trace title to a common source:* 32 S. C., 57; 29 S. C., 376. *Grant cannot avail a party who does not connect himself with it:* 25 S. C., 189.

April 6, 1905. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The contest in this case is over a tract of land of 100 acres, situated in Cherokee County, and known as the Holloway tract. The exact nature of the action is in dispute. Plaintiff claims it is for the recovery of possession of real property; this is denied by defendant, who contends that the only cause of action stated in the complaint is for trespass upon the land. The Circuit Judge held it was an action for the recovery of real property, and as such the cause was tried. Plaintiff claimed under the following chain of title set out in his complaint:

1. Grant to G. B. Palmer, January 18, 1858, the survey dated December 15, 1857, being attached;

2. Warranty deeds from all the heirs of G. B. Palmer, except Mrs. Love, conveying to plaintiff all their rights and interests in the Palmer Gold Mine tract of land, of which the Holloway tract was a part;

3. Will of Mrs. Susan L. Love, executed in the presence of two witnesses in North Carolina, purporting to devise to her husband, the plaintiff, all of her property.

Plaintiff also introduced tax receipts showing that one of the Palmers paid taxes on the Gold Mine tract in 1842, '46; '50, '57, '61, '62, '63, '70, '71, '73; and that plaintiff himself paid taxes on the same tract from 1872 to 1898, inclusive, with the exception of 1873, '78 and '91. The land was returned as 484 acres in 1874, from 1880 to 1885, and from 1893 to 1898; all the other years as 576 acres, the number named in the Palmer grant. Plaintiff testified that this difference in acreage was without his knowledge or consent.

Defendant, in her answer, denies plaintiff's title, setting up title in herself, and also pleads the statute of limitations, adverse possession, estoppel, and the pendency of another suit on the same cause of action.

Defendant's documentary and record proof was as follows:

1. Sheriff's Sale Book showing the sale of the land in dispute by the sheriff under tax execution May, 1868;

.2. Sheriff's Sale Book showing the sale of the same land in May, 1871, under the judgment in the case of Elizabeth Littlejohn *v.* A. P. Turner, the land being bid in by A. L. Casey and A. W. Cummings, who assigned their bids to A. C. Merrick;

3. Deed of the Holloway tract from the sheriff to A. C. Merrick, dated October 11, 1879;

4. Deed from A. C. Merrick to Geo. S. Turner, conveying the whole tract in dispute, June 17, 1886;

5. Deed from Geo. S. Turner to Duncan & Sanders, conveying one-half interest in the land, November 24, 1888;

6. Deed from Duncan & Sanders to R. B. Powell, conveying the same one-half interest, September 3, 1894, Powell giving a mortgage to secure the purchase money;

7. Sale of this one-half interest by the mortgagees, Duncan & Sanders, under power in the mortgage, and conveyance of Powell by the mortgagees as his attorneys in fact to themselves, April, 1896;

8. Deed of their one-half interest from Duncan & Sanders to W. N. Turner, defendant's husband, March 15, 1899;

9. Partition suit between W. N. Turner and the heirs of Geo. S. Turner, under the decree in which the entire Holloway tract was sold by the clerk of Court, and bid in by Mrs. M. J. Turner, she receiving a deed therefor from J. Ebb Jefferies, clerk of court, December 5, 1899.

Defendant offered in evidence a grant, with survey attached, to Mose Waters, dated August 6, 1817, which purported to convey the Holloway tract. She did not attempt to connect herself with this grant, however, but introduced it merely to show that the State had already parted with its title at the time of the Palmer grant in 1858.

Evidence was offered tending to prove that G. B. Palmer continued in possession under his grant until 1865, when he died intestate, and his two sons and the plaintiff administered upon his estate. His son, T. W. Palmer, who seems to have represented the estate as to this land, having failed for several years to pay the taxes, it was sold for taxes in 1868, and bid in by A. P. Turner, but it appears that he failed to comply with his bid. There was also evidence to the effect that plaintiff was in possession of the land prior to 1886, but that George S. Turner entered under color of title in that year; and defendant offered much testimony for the purpose of showing that George S. Turner and his heirs, under whom she claimed, had held it adversely for the statutory period. The jury found for the plaintiff the possession of the land in dispute, and one dollar damages, and defendant made a motion for a new trial, which was refused. An order was then made by the Court adjudging that plaintiff recover possession of the land, and enjoining the defendant from trespassing upon or interfering with it. From this judgment the defendant appealed. The effort will be made to discuss the questions involved in the appeal without special mention of each of the twenty-eight exceptions covering twelve pages of the record.

The defendant first insists the action was for trespass on land, and not for the recovery of its possession, and, therefore, the Circuit Judge erred in charging that the jury might find "for the plaintiff the land in dispute and so many dollars." Even if defendant's view of the nature of the action were correct, he would not be entitled to a new trial for error in the form of the verdict; the finding for the recovery of the land would be rejected as surplusage, not being responsive to the pleadings, 22 Ency. P. & P., 977; *Massey* v. *Duren,* 7 S. C., 310. The verdict for damages would be decisive of the title. *Sims* v. *Davis,* 70 S. C., 362.

But the defendant introduced a grant from the State to a third party, not for the purpose of supporting her own title—for she did not pretend to connect herself with it—but for the sole purpose of showing that there was a title outstanding older and better than the title under which the plaintiff claimed. In an action to recover possession of real estate or of trespass to try title, the plaintiff must establish his title against the world, or show that he has title from a common source, and the defendant therefore may defeat the plaintiff's claim by showing title in a third party; but in an action of trespass *quare clausum fregit,* the plaintiff has to establish possession only, and the burden is on the defendant to show title to himself, or that he entered upon the land under a license from the true owner. That is, in the latter action, if he relies upon the title of a third party, it is necessary for him not only to prove such title, but that he rightfully entered under it. *Connor* v. *Johnson,* 59 S. C., 131, 37 S. E., 240. To determine, therefore, whether the defendant could avail himself of the older grant to a stranger to defeat the action, it is necessary to decide whether, under the pleadings, the action is for the recovery of land or in the nature of trespass *quare clausum fregit.*

It is essential to an action of the former class that the plaintiff must allege and prove a trespass continued down to the time the action is brought. *Anderson* v. *Lynch,* 37 S. C.,

575, 16 S. E., 773. It is not necessary, however, to allege and prove actual occupancy by the defendant; any continued subjection of the property to the will or dominion of the defendant is sufficient. "Acts by which a claim to the possession hostile to the true owner is asserted and maintained, and by which he is excluded from the enjoyment of the property, fairly subject the party committing them to the action." 7 Ency. P. & P., 302, note. The complaint here comes within the rule as stated in these authorities, for after setting out the source of her own title, the plaintiff alleges: "That defendant claims to be in possession of said property and denies plaintiff's title thereto and right to possession thereof." Following the narrative of a number of separate acts of trespass is the further allegation: "That the said defendant continues to assert her claim of title against this plaintiff to said premises, to deny plaintiff's right therein, and asserts her determination to prevent the use and enjoyment of said premises by plaintiff, or persons holding under plaintiff, and to *continue to use and occupy it for her own benefit;* rendering it necessary for plaintiff to apply to this Court for relief and for the protection of his title." The Circuit Court, therefore, properly held the action to be for the recovery of possession of the land described in the complaint.

From this conclusion it follows the plaintiff was obliged to prove title against the world, or from a source common to herself and the defendant, and that defendant could defeat plaintiff's claim of title by showing title in a stranger.

3   For this purpose, the defendant introduced a grant to Waters, dated August 6, 1817, to show that the State had no title when the Palmer grant, under which plaintiff claimed, was issued in 1858. As to the issue thus made, the Circuit Judge charged, at defendant's request: "If the jury believe from the testimony that the State had once parted with the title to the land in dispute before the Palmer grant was executed, it is necessary for plaintiff to show that the State had regained title to this land by escheat or otherwise at the time the Palmer grant was executed," and then

added: "If the plaintiff produces in court what purports to be a grant in question, the presumption would arise, I might call it the presumption of law, that the State had the title, and he who presents an older grant must show that the older grant did embrace the land in question, and connect himself with the grant." There is no presumption from the mere fact of the State issuing a second grant to land that it had reacquired title to land already granted away. Where the same land is covered by two separate grants from the State, the second grant is a nullity. *Steedman* v. *Hilliard,* 3 Rich., 101. It is said in *Nicholas* v. *Hubbard,* 5 Rich., 267, 272: "Most persons do understand, and all should, that a grant of land is the act of the grantee rather than of the State; that it is obtained by any one who will comply with certain requisites and pay certain fees, and that where the land can be shown to have been previously granted, it is a grant merely void, carrying nothing, and as color of title or evidence of the extent of a possession, is no more effective than would be a deed or mere survey accompanied by claim." *State* v. *Evans,* 33 S. C., 184, 11 S. E., 697. It is true, the Court did charge, at defendant's request, if the State had no title to give when it made the Palmer grant, the plaintiff would have to establish title by adverse possession, and that the plaintiff, in order to recover, must establish a good title against the world; but clearly this did not remedy the error which had already been committed in giving the instruction that there was a presumption that the State had reacquired title after the first grant before it made the second grant, under which plaintiff claimed. The third, fourth and eighth exceptions are, therefore, sustained.

By inadvertence, no doubt, the Circuit Judge seemed to indicate that the possession under claim of title for ten years would be sufficient to presume a grant. The correction to twenty years would have been made if his attention had been called to it, as he had just before said that it would take twenty years for such a presumption

to ripen; and a new trial would not be granted for an error which could have been so easily corrected by appellant.

The defendant insists there was error in refusing to charge: "If neither the plaintiff nor any one under whom he claims title to the land in dispute has been seized or possessed of the land in question within ten years before the alleged acts of trespass were committed, then the plaintiff cannot recover." If plaintiff had the legal title, he was presumed to be possessed of the land within the ten years, and it was necessary to rebut this presumption by proof of continuous adverse possession of some other person for ten years. Code of Procedure, Secs. 99 and 101; *Garrett v. Weinberg,* 48 S. C., 28. The request embodying the foregoing proposition was, therefore, properly refused.

The defendant next insists the charge limited the right of the defendant to hold by adverse possession to her own claim of possession from 1899 to 1903, when this action was commenced; whereas, she asserted title had been acquired by George S. Turner and his heirs by their adverse possession for ten years before the plaintiff acquired their title in 1899; and on this point the appeal must be sustained. It is true, the Court had charged defendant's request to the effect that adverse possession for ten years of any one under whom defendant claimed would give her a good title, but this was of no avail to her when the claim of adverse possession available to defendant was subsequently limited by the Court to begin in 1899, the date when her own individual claim of possession began.

As to the point that the Court gave a too restricted definition of adverse possession it is only necessary to say that while it was said in the charge to the jury that such possession must be notorious and that "notoriously means so public and open that he who runs may see," it was also clearly indicated to the jury that the requirement of notoriety of the adverse holding is to establish general notice to all, which is only equivalent to and takes the place of direct proof of actual notice to the true owner.

The defendant objected to the introduction of the will of Susan L. Love, admitted to probate in North Carolina, November, 1896, by which she devised all her property, which included, as plaintiff alleges, an undivided interest in the land in dispute, to the plaintiff, her husband. The will was attested by only two witnesses, and therefore the plaintiff could not take land in this State under it, but such a paper may be available as color of title. The Circuit Judge, in response to the objection to its introduction, no doubt to enlighten himself as to its bearing on the case, directed the will to be read. The record does not show that the objection was further pressed, or that the Court passed upon its admissibility. The exceptions on this point, therefore, cannot be sustained.

The plaintiff having set forth in detail in his complaint the title under which he claimed, it may be true he would be restricted to the title alleged and could not recover on adverse possession, but the defendant's exceptions to the charge on this point cannot avail her, because by her eleventh request she herself asked for an instruction as to what was necessary to give plaintiff title by adverse possession.

For the errors above indicated, the judgment of the Circuit Court is reversed and the cause remanded for a new trial.