10469

CLARY v. BONNETT.

(*103 S. E. 779.*)

1. PUBLIC LANDS—TITLE TO HOLDER UNDER PRIOR GRANT FROM STATE PREVAILS.—Title of a successor of prior grantee from the State must prevail as against title of the successor of a subsequent grantee from the State, unless the parties holding under the subsequent grant acquired title by adverse possession.

2. TRIAL—FACTS HELD INSUFFICIENT TO JUSTIFY CHARGE ON RELATION OF LANDLORD AND TENANT.—Where plaintiff would not agree to pay defendants rent for a disputed strip, and because he would not they undertook to take possession of the land and to commit the trespass for which plaintiff brought action, the refusal of defendants' requested charge that a tenant cannot dispute the title of his landlord was proper; the evidence that the relation of landlord and tenant existed between plaintiff and defendants being insufficient.

3. DEEDS—PLATS AND GRANTS OF ADJACENT LAND ADMISSIBLE IN DETERMINING DESCRIPTION.—In an action of trespass to try title, grants and plats of adjacent land were admissible as aiding in identifying and locating the land.

4. EVIDENCE—COPIES OF GRANTS FROM STATE ADMISSIBLE, WHERE THERE WAS EVIDENCE OF LOSS OF ORIGINALS.—Copies of grants from the State to the predecessors of plaintiff and defendants in an action of trespass to try title were admissible, where there was sufficient evidence of the loss or destruction of the originals.

5. APPEAL AND ERROR—FAILURE TO GIVE REQUEST HELD HARMLESS TO DEFENDANTS.—In trespass to try title, where the giving ·of defendants' requested charge correctly stating the general rule as to the relative importance of natural objects, identification marks, etc., in locating a disputed boundary, would not have aided the jury in deciding the issue which of two lines plainly marked on the ground should control, the failure to give it was not prejudicial to defendants.

6. ADVERSE POSSESSION—PAPER TITLE AND POSSESSION RAISE PRESUMPTION OF GRANT FROM STATE.—If a claimant of land in trespass to try title proves a paper title and 20 years' adverse possession thereunder, he has proved enough to raise the presumption of a grant from the State.

7. APPEAL AND ERROR—CHARGE ON TITLE BY ADVERSE POSSESSION HELD NOT PREJUDICIAL IN TRESPASS TO TRY TITLE.—In an action of trespass to try title between parties each claiming under a grant from the State, charge as to the ways in which a party might prove title in himself, first, by tracing his title back to grant from the State, and, second, by paper title and adverse possession for 20 years, presuming a grant, held· not prejudicial to either party, particularly in view of undisputed evidence as to possession of the land.

8. ADVERSE POSSESSION—NO CONSTRUCTIVE POSSESSION WITHOUT ACTUAL POSSESSION.—There can be no constructive adverse possession of land against the owner, where there has been no actual possession which he could treat as a trespass and bring action for.

Before McIVER, J., Aiken, Spring term, 1919.    Affirmed.

Action by William Clary against C. C. and L. P. Bonnett, for trespass to try title.   From judgment for plaintiff, the defendants appeal.

*Mr. J. B. Salley,* for appellants, cites: *Copy plats improperly admitted:* Sec. 3999, 1 Civ. Code 1912; Chamberlayne Evid., sec. 3487.   *Plaintiff must recover on strength of his own title:* 59 S. C. 449; 71 S. C. 328.    *Defendant may produce deed to a third party to defeat plaintiff's claim:* 78 S. C. 155; 71 S. C. 328; 59 S. C. 449.    *Requests to charge must either·be charged or refused unless such requests were fully covered in the general charge:* 67 S. C. 199-202.   *Judge should have charged rules of location of disputed lines:* 100 S. C. 280; 87 S. C. 244; 82 S. C. 326. · *Judge erred in*

*charging that to acquire title by presumption of a grant from 20 years' possession party must show a paper title; and holding thereunder: 2 Rich. Law 22. Especially as he refused to charge the four ways in which title may be acquired: 53 S. C. 220.*

*Messrs. Sawyer & Giles* and *R. L. Gunter,* for respondent, cite: *Unbroken chain of paper title back to grant unnecessary:* 39 S. C. 18. *Copies properly introduced:* 2 McMull. 66; *and not reviewable on appeal:* 43 S. C. 379; 78 S. C. 76; 5 Rich. 373; 47 S. C. 488. *Courses and distances must yield to actual marks:* 2 N. & Mc. 100. *Relevancy of testimony largely left to trial Judge:* 2 McM. 76; 65 S. C. 1; 72 S. C. 350. *Plaintiff knew why Judge did not charge rules of location made no objection and cannot now complain:* 102 S. C. 170; 59 S. C. 111; 111 S. C. 330; 103 S. C. 354.

July 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This is an action of trespass to try title to 3.6 acres of land. Defendant, C. C. Bonnett, disclaimed any interest, and justified his trespass under the claim of his codefendant. Plaintiff and L. P. Bonnett both claimed the land in dispute under paper title and by adverse possession. The jury found for plaintiff.

The parties own adjacent tracts, and the issue was: Which of two marked lines on the ground is the true boundary between them? The existence of the two lines was explained by Mr. Norris, one of the Court surveyors, in this way: In 1805 the State granted to James Hughes a tract of 963 acres. The eastern boundary of this grant was a north and south line, which was marked on the ground at the date of the survey. In 1836 the State granted to

Jonathan Foutz a tract of 1,877 acres, part of which was east of and adjacent to the tract previously granted to Hughes, which, in the meantime, had come to be known as the "lands of Staley," and these lands were put down on the Foutz plat as the western boundary of the grant to Foutz, along a north and south line.

Mr. Norris thinks, and his opinion appears to be in accord with the evidence, that in locating the Foutz grant the surveyor did not find and follow the line of the older grant to Hughes, as he should have done (*Atkinson v. Anderson,* 3 McCord 223), but began at a corner or station on that line and followed the course indicated by his compass, without making proper allowance for the variation of the magnetic needle, in consequence of which he ran and marked a new line, which gradually diverged to the west from the Hughes line, and caused the Foutz grant to overlap the Hughes grant.

The land in dispute lies between these two lines. Plaintiff's tract is a part of the Staley lands, which were part of the tract granted to Hughes, and plaintiff claims to the line of that grant. Defendant's tract is a part of the Foutz grant, and he claims to the line of that grant.

It follows as matter of law that, as the Hughes grant is the older, plaintiff's title must prevail (*Alston v. Collins,* 2 Speer 450), unless defendant, or his predecessors, acquired title to the land in dispute by adverse possession, for there is no evidence or suggestion that he or they acquired it in any other way.

Previous to plaintiff's acquisition of title to the tract owned by him, there had been no clearing of the land between the two lines, or up to either of them, except at the northern end, where Vianna Staley had cleared and cultivated the land up to the Hughes line for a time beyond the memory of the oldest witnesses. There was testimony that one of the corners of the Foutz grant was found in her field; but

it does not appear whether it was put there before or after she cleared the land.          .

Plaintiff took possession of his tract about 1900. He began to clear at the southeast corner of the tract, and cleared up to the Foutz line for about half the distance across the tract, until he came to a public road that runs through the tract, and north of that road he cleared up to the line of the Hughes grant, so as to make his clearing conform to that of Vianna Staley, and he has cultivated the land up to that line without interruption from the date of his clearing it, which was about 1902, until the present time. About 1912 a surveyor was employed to subdivide, for the purpose of partition, a tract known as the Posey tract, which was part of the Foutz grant, and in following the line of that grant it was discovered that plaintiff had cleared and was cultivating the land east of the Foutz line, as above indicated. Thereupon this dispute arose.

Defendant tried to get plaintiff to agree to the Foutz line and to pay rent for so much of the land in dispute as he had been cultivating, but he refused to do so, claiming that the land was his. In 1913, and also in 1914, in settling with plaintiff for some ginning and sawing for which they owed him, defendants deducted $1.50 or $2.50 from what they owed him, as rent for the land. Both admitted, however, that he never agreed to pay rent for the land, and that in both instances the deductions were made without his consent. After he had steadfastly refused to pay rent, one of the defendants plowed up some oats that he had planted on the land, whereupon plaintiff brought this action for damages for the trespass.

The foregoing testimony with reference to the payment of rent is stated because, based upon it, defendants preferred a request to charge to the effect that a tenant cannot dispute the title of his landlord, etc., and the refusal of that request is made a ground of appeal. We need only say the testimony is not sufficient to war-

rant the inference that the relation of landlord and tenant existed between these parties. That relation arises out of contract, express or implied, and both defendants admit that plaintiff would not agree to pay rent, and because he would not they undertook to take possession of the land, and committed the trespass for which this action was brought. The request was properly refused.

Error is assigned in admitting in evidence certified copies of certain grants and plats, particularly the Hughes and Foutz grants and plats thereto attached; the grounds of objection thereto being: (1) Because the loss or destruction of the originals was not sufficiently proved to warrant the admission of copies: (2) because it was not shown that they covered the land in dispute; and (3) because there was no evidence that the parties traced their titles to said grants. The grants and plats (other than those to Hughes and Foutz) were objected to as irrelevant, but they were properly admitted because, being grants of adjacent lands, they aided the surveyors in identifying and locating the lands covered by the Hughes and Foutz grants; and the objections to the copies of the Hughes and Foutz grants were properly overruled, because there was sufficient evidence of the loss or destruction of the originals to admit the copies. *Holmes v. Rochell,* 2 Bay 487; *Turner v. Moore,* 1 Brev. 236. There was ample testimony that both the grants named covered the land in dispute, and that plaintiff and defendant respectively traced their title to said grants.

Appellants presented a request to charge which correctly stated the general rule as to the relative importance of natural objects, artificial marks, adjacent boundaries, and courses and distances in locating disputed boundaries. The Court did not refuse the request, but stated that defendants' requests were all correct, but that he preferred to charge the law applicable to the case in

his own way and in his own language. Appellants complain because the general charge did not cover the rules contained in their request, and that is true; but the rule referred to was hardly applicable in this case, and because there was really no difficulty or dispute about the location of either of the two lines. Both appear to have been plainly marked on the ground, and the real issue was as to which of them should control. The giving of the request could not have aided the jury in deciding that issue; hence the failure to give it was not prejudicial.

The last exception assigns error in the charge as to one of the ways in which a party may prove title to land. After telling the jury that plaintiff must recover, if at all, upon the strength of his own title, and not upon the weakness of that of defendants, and that the burden was upon plaintiff to prove title in himself by the greater weight of evidence, the Court proceeded to state the different ways in which a party might prove title in himself; and the first was by tracing his title back to a grant from the State, and the second was by showing a paper title and adverse possession under it for 20 years, which would presume a grant from the State. The appellants say this was error, because it is not necessary to prove a paper title at all, in order that 20 years' adverse possession may give rise to the presumption of a grant. On reading the charge, it appears that the Court had in mind the rule as to proof of color of title and possession thereunder as being sufficient to raise the presumption of a grant. While the law with respect to that mode of acquiring title was not stated as fully or as accurately as it might have been, there was no error in the statement made, because it cannot be disputed that, if one proves a paper title and 20 years' adverse possession thereunder, he has proved enough to raise the presumption of a grant from the State. But even if we should concede that the charge was erroneous, in not being full

enough along that line, the error was more prejudicial to the plaintiff than it could have been to defendants.

But, considering the charge as a whole, it was not prejudicial to either side, especially in view of the undisputed evidence as to the possession of the land in dispute. There was no evidence that defendants or their predecessors in title ever had actual possession of the land in dispute, or any part of it. The same may be said as to the possession of plaintiff and his predecessors, except as to that part between the lines north of the road that ran through plaintiff's tract, of which he has had actual possession since 1902. With that exception, the only possession which either party, or his predecessors, has had of the land in dispute, has been that constructive possession which extends to the limit of their respective color of title; and there can be no constructive adverse possession of land against the owner, where there has been no actual possession which he could treat as a trespass and bring an action for. *Turnipseed v. Busby,* 1 McCord 280; *Steedman v. Hilliard,* 3 Rich. Eq. 101; *Love v. Turner,* 71 S. C. 322, 51 S. E. 101. There is not a particle of evidence that defendants, or their predecessors, ever committed any trespass on the land in dispute for which an action could have been brought prior to the trespass for which this action was brought.

Judgment affirmed.