16739

LITTLE v. LITTLE *ET AL.*
(75 S. E. (2d) 871)

*Messrs. Leppard & Leppard,* of Chesterfield, *for Appellant,*

*Messrs. Knight & Bell,* of Chesterfield, and *John D. Nock,* of Cheraw, *for Respondent,*

*Messrs. Leppard & Leppard,* of Chesterfield, *for Appellant, in reply,*

May 4, 1953.

BAKER, Chief Justice.

This case was previously before this Court. See *Little v. Little,* 215 S. C. 52, 53 S. E. (2d) 884. There, an order of the Circuit Court holding that the deed to the plaintiff of the premises involved in this action was invalid for non-delivery, was reversed and the case remanded to the Circuit Court for further proceedings consistent with the views expressed therein.

For a full statement of the facts and prior history · of this action, reference may be had to the previous decision. However, a brief statement of the facts may assist in a better understanding of the issues involved herein.

The action was brought on or about March 23, 1948, by plaintiff, Julian Little, against the defendant, James W. Little, and plaintiff alleged in Paragraph 2 of his complaint as follows:

"The plaintiff is the owner of, and in the lawful possession of the following described real estate, to wit:

" 'All that certain piece, parcel, or tract of land in the above state and county, and being a part of the Lila W. Little home plantation, containing fifty (50) acres, more or less, and being bounded as follows: On the North by lands

of Geo. T. Little; on the East by the right-of-way of the Atlantic R. R. Co., which Railroad separates said lands from other lands of grantor; on the South by lands of Campbell P. Laney, Jr., and on the West by further side of woods adjoining Laney line as far as wood extend, thence continuing in a Northern direction over cultivated areas, parallel to said Railroad to George T. Little line.'

"Said lands having been conveyed to plaintiff by Lila W. Little by deed dated December 30, 1942, which was duly recorded in the office of the Clerk of Court for Chesterfield County on December 31, 1942, in Deed Book 96, at page 320, and is more particularly described by a plat thereof made by W. H. Thrower, C. E., the 5th day of December, 1947, and recorded in Plat Book 6 at page 67."

Plaintiff further alleged a wilful and continuing trespass upon said lands by defendant James W. Little, and interference with his possession, and asked for damages for the trespass and for an order of injunction.

Defendant James W. Little entered a general denial, and set up affirmative defenses wherein he alleged that the true owner of the lands involved was his mother, Mrs. Lila W. Little, and that he had farmed a portion of the premises described in the complaint with the consent and permission of said Lila W. Little. The remaining affirmative defenses are no longer involved, such defenses having been eliminated by the making of Mrs. Lila W. Little a party to the action, and by the prior decision of this Court holding the deed to Julian Little to be valid. It is significant to note that Mrs. Little took no active part in the second trial of the action nor is she an appellant herein.

When the case came on for trial before the Circuit Court and a jury, plaintiff, respondent here, contended that only the issue of damages for trespass was involved. This was opposed by appellant's counsel who contended that the western boundary line of the tract of land involved was in issue, and considerable testimony was taken and evidence

introduced to establish the western boundary line. The trial Judge declined to withdraw the case from the jury and have an official survey made, and sent the case to the jury on the question of trespass, instructing them that the western boundary would have to be determined by them, and the jury returned a verdict for the plaintiff for $200.00. Thereafter, Judge J. Woodrow Lewis, upon plaintiff's application and after a hearing thereon, issued an order permanently enjoining the defendants James W. Little and Lila W. Little from trespassing upon the premises described in Paragraph 2 of the complaint. The defendant James W. Little appealed, assigning as error several specifications, all of which are encompassed in the question of whether Judge Lewis was in error in granting the permanent injunction, thereby holding by necessary implication that title vested in the plaintiff to the tract of 70.9 acres described in the second paragraph of his complaint.

Upon the first trial, which was had before the late and lamented Judge L. D. Lide without a jury, plaintiff introduced a plat of the premises made by W. H. Thrower, C. E., which was made at the request of the plaintiff, according to the description contained in the deed. According to this plat the tract of land contained 70.9 acres. Defendants introduced a map also prepared by Mr. Thrower, but at the request of Mrs. Lila W. Little, in which she attempted to have the western line run according to her verbal directions, and not according to the description in the deed, and this resulted in an acreage of 40.5 acres. Upon the second trial, the defendant James W. Little introduced a third plat made at his request by T. E. Wilson, C. E., September 26, 1949, between the two trials. The western boundary on this plat varied considerably from that on the first Thrower plat and resulted in a total acreage of 55.60 acres.

At the second trial, both of the surveyors testified fully as to how they arrived at the western boundary of this tract and both contended that they did so according to the word-

ing of the deed. Nowhere along the way did either party ask for a Court ordered survey, as provided by Sections 8867 *et seq.,* Code of 1942, § 57-452 *et seq.,* 1952 Code of Laws, to settle a disputed boundary, or official survey under Circuit Court Rule 36. At the conclusion of the defendants' case, counsel for appellant moved that such a survey be made; but coming at such a late date, the trial Court refused the motion. Had the motion been timely made, the Court would probably have followed the method prescribed by the Code in settling boundary disputes.

■ Appellant raises the issue that the action is one of trespass *quare clausum fregit* and not an action of trespass to try title. The difference is, of course, that an action of trespass *quare clausum fregit* is based upon possession only and not necessarily upon legal title and sounds in monetary damages, whereas a suit in trespass to try title puts the title in issue and a finding determines not only the issue of trespass but also of title. *Conner v. Johnson,* 59 S. C. 115, 37 S. E. 240; *Sims v. Davis,* 70 S. C. 362, 49 S. E. 872; *Warren v. Wilson,* 89 S. C. 420, 71 S. E. 818, 992; *Bethea v. Home Furniture Co.,* 185 S. C. 271, 194 S. E. 10; *Love v. Turner,* 71 S. C. 322, 51 S. E. 101. See also, *Beaufort Land & Investment Company v. New River Lumber Co.,* 86 S. C. 358, 68 S. E. 637, 30 L. R. A., N. S., 243; *Battle v. De Vane,* 140 S. C. 305, 138 S. E. 821; *Lane v. Mims,* 221 S. C. 236, 70 S. E. (2d) 244.

■ In this case the plaintiff alleged that he was the owner of and in lawful possession of the premises described in the complaint, alleging a trespass on his property. Stated alone, this would be an action of trespass *quare clausum fregit.* The defendant, however, not only denied both plaintiff's possession and title, but set up as an affirmative defense that the land was owned by Mrs. Lila W. Little, mother of the parties. Thus, having denied not only plaintiff's possession but also his title, the title was put in issue.

It seems to have been determined at an early date in this State that a plea of *liberum tenementum* (freehold) does not necessarily put title in issue, but that when such a plea is coupled with the plea of general issue, the title is thereby put in issue. *Henderson v. Kenner,* 1 Rich. 474, 482; *Jones v. Muldrow,* Rice 64; *Shettlesworth v. Hughey,* 9 Rich. 387; *Parker v. Leggett,* 13 Rich. 171 (also 12 Rich. 198, 200).

In the case of *Shettlesworth v. Hughey, supra,* there was an action of trespass to try title in which the plaintiff put in evidence the record of a former action of trespass *quare clausum fregit* brought by plaintiff against the defendant, where the defendant pleaded the general issue, and there was a verdict for the plaintiff. It was held that in the action of trespass *quare clausum fregit* the defendant, under the general issue, had put title in issue and the verdict, being against him on that issue, such verdict was conclusive on the question of title to the premises involved and that defendant was estopped by the verdict in the first action.

In the case of *Parker v. Leggett, supra,* which was likewise an action of trespass to try title, the plaintiff put in the evidence the record in a previous case which was brought by the defendant against the present plaintiffs where there had been pleas of general issue and *liberum tenementum* by metes and bounds. There was a general verdict in that case for the defendants. It was held that not only was the verdict competent in evidence on the second case but decisive of title.

From *Sims v. Davis,* 70 S. C. 362, 373, 49 S. E. 872, 875, the following is taken:

"It is quite true, when the plaintiff alleged that he was not only in possession, but was the owner of the land at the time of the trespass, and the defendant denies this allegation, the question of title was raised, and, if the defendant had lived to have a verdict and judgment for damages entered against him, the question of title would have been effectually determined. *Parker v. Leggett* [*Legett*], 12 Rich. [198] 200; *Parker v. Leggett,* 13 Rich. [171] 172; *Hey-*

*ward v. Farmers'* [*Min.*] *Co.*, 42 S. C. 138, 19 S. E. 963, 20 S. E. 64, 28 L. R. A. 42. But neither a verdict nor a judgment for the recovery of the land could have been entered. The adjudication of the title would not have been direct, but it would have followed by necessary implication from the fact that the plaintiff recovered a judgment for damages for a trespass, the judgment for damages depending on his claim of title which the defendant denied."

Though counsel for respondent objected to the matter being treated as one involving boundaries, the trial Judge ruled that the western boundary line of the tract in question was indeed in issue and that it would have to be determined before a verdict could be reached. The jury had in its possession the deed from Mrs. Little to respondent as well as the plats made by both Mr. Thrower and Mr. Wilson. The jury also heard considerable testimony as to the location and boundary. The trial Judge instructed them that they would be bound by the description in the deed, but that in determining where the western boundary line was, they could refer to any of the evidence, including the plats. The trial court instructed the jury:

"Now you gentlemen are to determine where the boundary lines of this land are, if you can from the evidence, that is your duty in this case."

The jury, by returning a verdict for damages for the plaintiff, having before it the deed in question and the two contradictory plats, having heard evidence on the issue of boundary and location, evidently concluded in favor of the plaintiff's version of the western boundary line, establishing his ownership by necessary implication to the tract described in Paragraph 2 of his complaint. See 8 Am. Jur., Boundaries, Section 104.

In *Parker v. Leggett, supra,* the Court says:

"In that case, the Parkers put in issue not only the trespasses complained of, but pleaded *liberum tenementum* by metes and bounds, and had a general verdict, *after a full*

*consideration of evidence of location.* It appears to us that this is equivalent to a finding of the title to the whole land covered by their plea of *liberum tenementum.*" (Emphasis added.)

The following is taken from *Love v. Turner,* 71 S. C. 322, 51 S. E. 101, 103:

"The defendant first insists the action was for trespass on land, and not for the recovery of its possession, and therefore the circuit judge erred in charging that the jury might find 'for the plaintiff the land in dispute and so many dollars.' Even if defendant's view of the nature of the action were correct, he would not be entitled to a new trial for error in the form of the verdict; the finding for the recovery of the land would be rejected as surplusage, not being responsive to the pleadings. 22 Ency. P. & P. 977; *Massey v. Duren,* 7 S. C. 310. The verdict for damages would be decisive of the title. *Sims v. Davis,* 70 S. C. 362, 49 S. E. 872."

■ That respondent's deed called for less acreage than shown on the first Thrower plat is of no particular importance, as it has been held, under the rules for determining disputed boundaries, the quantity of land named in the deed is "ordinarily one of the lowest in the scale of importance." *Klapman v. Hook,* 206 S. C. 51, 32 S. E. (2d) 882, 883, citing *Holden v. Cantrell,* 100 S. C. 265, 84 S. E. 826, 828.

The jury in this case was not specifically instructed as to the rules for determining disputed boundaries, but the charge was full and no specific requests made and refused, nor is any exception taken to this point. *Holden v. Cantrell, supra.*

The conclusion reached herein is not inconsistent with the case of *Dickson v. Epps,* 104 S. C. 381, 89 S. E. 354, which is cited as supporting authority by both respondent and appellant. There, in an action to restrain an alleged trespass, the issue of title was submitted by consent and a general verdict "for defendants" returned by the jury. The trial court denied the injunction, but undertook to declare

that defendants were owners in fee simple of the premises involved. It was held on appeal that the utmost the trial court could do was deny the injunction sought and stop there.

The only remaining question is as to the propriety ▮▮ of Judge Lewis' order in granting a permanent injunction. In his complaint, plaintiff sets out the continued acts of trespass by the defendant James W. Little and alleges that said defendant continues to trespass after notice prohibiting same and that his "continuing trespassing has created an untenable position, in that plaintiff cannot peaceably operate and farm his own lands," and seeks injunctive relief. While a dispute involving questions of boundaries is normally ancillary to actions at law of trespass to try title or ejectment, equity will take cognizance of a dispute where the plaintiff's complaint "discloses some feature of equitable cognizance, as, for instance, * * * the practical certainty of a multiplicity of suits growing out of the confusion or uncertainty; and the inadequacy of a remedy at law * * *." *Uxbridge Co. v. Poppenheim,* 135 S. C. 26, 133 S. E. 461. See also, *McClellan v. Taylor,* 54 S. C. 430, 32 S. E. 527; *McRae v. Hamer,* 148 S. C. 403, 146 S. E. 243; Pomeroy's Equity Juris. (Fifth Ed.) Vol. 4, p. 964.

Under the allegations of plaintiff's complaint, it appears to us that he has stated ample grounds for the interposition of equity to permanently enjoin the trespass complained of and thereby avoid the necessity of future suits or actions to protect him in his property rights.

It is therefore ordered that the judgment of the lower court be affirmed.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.