TURNER v. POSTON.

1. REAL PROPERTY—TRESPASS—DEFENSE.—In an action for damages for trespass upon lands, defendant may set up as a defense that he has title to the land, or that he entered upon the land under a license from the true owner.

2. EVIDENCE—DEED—DAMAGES.—In such action a foreign deed may be admitted in evidence in mitigation of damages, without notice of intention to introduce the deed, and without its having the seal of the probating notary, or a certificate of a court of record that the notary was empowered to probate the deed.

Before BUCHANAN, J., September term, 1898. Affirmed.

Action by L. B. Turner against J. Harbard Poston, J. Heelen Poston and A. E. Poston. From judgment for defendants, plaintiffs appeals.

*Mr. W. F. Clayton,* for appellant, cites: *Title is not involved here, and defense thereof should have been stricken out:* 13 Ency., 2 ed., 753; 1 Wis., 650. *Tort cannot be set up as defense to tort:* 20 S. C., 258. *Foreign deed does not comply with our statutes and inadmissible as evidence:* Rev. Stat., 2360.

*Messrs. J. P. McNeill* and *Geo. Galletly,* contra, cite: *In such action defendant can defeat recovery by plaintiff by showing title in himself:* 59 S. C., 131; 1 N. & McC., 357; 1 Bail., 306; Rice, 64; 1 Strob., 313. *Defendant's foreign deed was admissible in mitigation of damages:* 2 Bail., 104.

March 29, 1902. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an action of trespass *quare clausum fregit,* and the appeal comes from a judgment in favor of the defendants.

The first question presented, is whether the Circuit Court erred in overruling the plaintiff's demurrer to the answer. So much of the answer as relates to this question is as follows: "1st. That the defendant, J. Harbard Poston, was on the dates mentioned in the complaint, and is now, the legal owner of the following tract of land, of which sixty-eight acres referred to in the complaint form a part and parcel, to wit: All that land situate, lying and being in the county of Florence and State aforesaid, containing seventy-five acres, more or less, which, by a subsequent survey of the premises within the given boundaries, shows the number of acres in said tract to be 143 acres, and is bounded on the southwest by Long Branch, on the

northwest of lands formerly of Thomas G. Poston, on the northeast by lands of Samuel Poston and on the southeast by lands formerly of Thomas Poston, sr., the same having been conveyed to him by John B. and Mary A. Hannah, by their deed of date November 1st, 1887, and that ever since that date, he has been in the lawful possession of the same.

"2d. That the defendant, J. Harbard Poston, leased and let to his codefendants, J. Heelen and A. E. Poston, for the year 1898, about four acres of the arable lands referred to in said complaint, and in pursuance and by virtue of said lease the said defendants, J. Heelen and A. E. Poston, entered upon the same, and on the fourth day of January, 1898, planted a crop of oats thereon, and ever since that date they have been in the actual possession thereof and cultivated the same.

"3d. The defendants admit so much of paragraphs 3 and 4 of said complaint as alleges that the defendants, J. Heelen and A. E. Poston, ploughed down the rows in said premises, which the plaintiff alleges he had planted in corn, and allege their justification in so doing, in that they were at the time in full possession of the said premises, under and by virtue of the lease of their codefendant, J. Harbard Poston, as aforesaid, and that plaintiff's act in ploughing the said rows while the defendants' crop of oats was then and there growing, was unlawful and malicious."

The demurrer to the above portion of the answer was as follows: "The plaintiff demurs to so much of the defendants' answer as is contained in paragraph 3, and moves to strike out all after the word 'corn,' on line 4, in said paragraph, in not stating facts sufficient to constitute a legal defense, it appearing that an attempt is made to justify a wrong by the commission of another wrong, or to set up a tort as a defense to a tort.

"The plaintiff demurs to the rest of the defendants' answer, as contained in paragraphs 1, 2 and 3, down to and including the word 'corn,' on line 4, as not stating facts sufficient to constitute a legal defense, as it admits the

wrongful acts complained of by the plaintiff, and sets out the ownership of the land and a lease from the owner as a defense of an unlawful act committed on their part." The demurrer was properly overruled. In an action of trespass *quare clausum fregit,* a defendant has the right to show that he has title to the land, or that he entered upon the land under a license from the true owner. *Connor* v. *Johnson,* 59 S. C., 131.

It is also excepted that the Court erred in admitting in evidence the deed of John B. and Mary A. Hannah to J. H. Poston, on the grounds that said deed was irrelevant, not responsive to the issues raised nor a justification for the last complained of, and because as a foreign deed it did not comply with the statutes in failing to have the seal of the probating notary, and a certificate of a court of record that the notary was authorized to do said acts. The only objections made when the deed was offered in evidence were the absence of the notary's seal to the probate and the failure to give ten days' notice of the intention to introduce said paper. The ruling of the Court was that the deed was admissible in a question of this character. There was no error in this; for even if it be admitted that the deed was defective in the particular named, it was competent evidence in mitigation of damages. *Caston* v. *Perry,* 2 Bailey, 104.

It is also excepted that it was error to refuse the motion for a new trial because under the pleadings the plaintiff was entitled to nominal damages. The answer denied plaintiff's possession, and set up both title and possession in themselves, and the jury found for the defendants. This exception must, therefore, be overruled.

The judgment of the Circuit Court is affirmed.