7630

BEAUFORT LAND AND INVESTMENT CO. v. NEW RIVER
LUMBER CO.

1. REAL PROPERTY.—In an action on a complaint alleging title and possession of land in plaintiff and trespass by defendant, plaintiff has only to prove possession not acquired by disseizen of defendant to entitle him to hold the land and recover of defendant damages for the trespass, unless defendant prove title in himself or license from one proved to be the true owner.
   *Geiger* v. *Kaigler*, 15 S. C., 262; *Heyward* v. *Farmers Co.*, 42 S. C., 138; *Bank* v. *Peterkin*, 52 S. C., 236, and *Love* v. *Turner*, 71 S. C., 322, *distinguished from this case.*

2. IBID.—ISSUES.—Where a defendant shows a chain of title back to 1867, but does not connect himself with a grant from the State, it is error for the Court to instruct the jury that he has shown perfect title to the land, since the jury should determine if there has been such possession as will presume a grant from the State.

3. IBID.—IBID.—Where a plaintiff relies on a written chain of title on the presumption of a grant and adverse possession, it is error for Court to instruct jury that he cannot recover, unless his written chain of title covers the land described in the complaint.

4. IBID.—EVIDENCE.—THE DECLARATIONS of a former owner, through whom defendant claims, while owner, as to the lines and trespasses, are competent, on behalf of plaintiff.

Before DEVORE, J., Beaufort, January, 1909. Reversed.

Action by Beaufort Land and Investment Company against New River Lumber Company. From judgment for defendant, plaintiff appeals.

*Messrs. W. J. Thomas* and *Wm. L. Clay, for appellant,* cite: *Nature of the action:* 37 S. C., 575; 6 Ency., 245; Broom. on Com. L., 774, 782; 59 S. C., 131; 71 S. C., 322; 2 N. & McC., 534, 343; 3 Black Co., 212; 21 Ency. P. & P., 813; 2 Chitty Pl., 869. *Burden of proof:* 71 S. C., 322; 15 Cyc., 22; 85 Ga., 706; 160 U. S., 317; 59 S. C., 540; 3 Wash. on Real Prop., sec. 1945; 2 How., 846; 112 U. S., 215; 29 Cyc., 788. *Title by adverse possession:* 45 S. C., 317; 48 S. C., 29. *Possession is presumed to follow title:* 14 S. C., 553; 103 Ga., 516. *Prejudicial remarks in refusing request:* 57 Ga., 362. *Jury should be instructed as to construction of ambiguous deed:* 5 Cyc., 881; 13 Cyc., 611; 66 S. C., 18. *First grant prevails:* 13 Cyc., 619; 4 Ency., 800. *Deed covers land to boundary called for:* 14 S. C., 553; 5 Cyc. 881; 2 Rich., 481; 4 Ency., 780. *Deed carries all land conveyed by prior deed to which it refers:* 3 Wash. on Real Prop., sec. 2348; 5 Cyc., 882; 13 Cyc., 548; 4 Ency., 803; 66 S. C., 18. *Possession of part of land included in map is possession of all:* 14 S. C., 549; 2 Speer., 456; 57 Ga., 362. *Title may arise by adverse possession:* 45 S. C., 317. *Declaration as to boundary:* 60 Ga., 242; 15 Ala., 9; 9 Ala., 751; 37 Ala., 20; 82 Ga., 740; 16 Cyc., 985, 990.

*Mr. W. Huger Fitzsimons,* contra, cites: *Plaintiff must prove title in such action:* 42 S. C., 138; 15 S. C., 262; 80 S. C., 262; 71 S. C., 322; 60 S. C., 559; 61 S. C., 1; 52 S. C., 236; 28 Ency., 631; 80 S. C., 262; 72 S. C., 287; 71 S. C., 280; 59 S. C., 131; 37 S. C., 578; 1 Rice, 368; 67 S. C., 304; 44 S. C., 364; 72 S. C., 287. *Jury properly instructed ten years' possession gives title:* 2 N. & McC., 200; 4 Rich., 50; 78 S. C., 155; 72 S. C., 312; 36 S. C.,

197; 11 Rich., 424; 2 Rich., 19; 37 S. C., 309; 48 S. C., 282; 1 Hill Ch., 37; 78 S. C., 155; 80 S. C., 112. *Substance of request covered in charge gives the request:* 80 S. C., 380, 40. *Of two conflicting grants, first does not always control:* 67 S. C., 18; 79 S. C., 442. *Construction of boundaries:* 3 Rich., 82; Harp. L., 290; 2 Mills Con. R., 98; 3 Strob. L., 127; 4 McC., 434; 2 Rich. L., 481; 79 S. C., 442; 67 S. C., 18; 1 Rich., 140. *Permissive possession not adverse:* 81 S. C., 453; 77 S. C., 129; 63 S. C., 220. *Deed carries the land within the boundaries:* Harp., 290; 3 Strob., 127; 2 Mills, 98; 4 McC., 434; 2 Rich., 481, 543. *Errors as to evidence set out in exceptions not based on objections in record not considered:* 81 S. C., 20; 80 S. C., 310.

July 18, 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The verdict and judgment were in favor of the defendant. The numerous exceptions submitted on behalf of the plaintiff, relating mainly to alleged errors in the charge of the Circuit Judge, will be more clearly understood after a brief statement of the pleadings. The complaint alleges "that the plaintiff is the owner in fee, and in possession of that tract of land, * * * known as the 'Crapse purchase' or 'Wiggin land,' containing eighteen hundred acres (1,800) more or less, according to a plat made by O. P. Law, surveyor, 17th of April, 1885, has the following distances and bearings * * *;" that the defendant, its agents and servants, at numerous times have entered on the land with force and arms and cut much valuable timber and committed irreparable waste thereon, and, disregarding plaintiff's warnings, threatened to continue the acts of trespass; "that the said acts of defendants are without any right or authority whatever, and contrary to law, and is an irreparable loss to plaintiff;" that the defendant could not respond in damages,

and that plaintiff has already been damaged to the amount of $2,000; the prayer is for judgment for $2,000 and for an injunction against further trespass.

The defendant, by its answer, in addition to a general denial, alleges twenty years' possession in itself and its grantors, and specifically denies that the plaintiff and those under whom it claims have been in possession of the land within twenty years, or within ten years prior to the commencement of the action; it alleges further that any right which the plaintiff may have had accrued more than ten years before the commencement of the action; and that the land is the property of W. R. Pritchard and others, who conveyed to the defendant the timber thereon, and that defendant's entry was made under that conveyance.

Under these pleadings the Court charged: "I charge you that before you can render a verdict in behalf of the plaintiff for damages in this case, you must be satisfied from the evidence that the plaintiff has a complete and perfect title to the land described in the complaint."

The plaintiff contends that while this is a correct statement of the law in an action to recover possession of land, it was erroneous in this action, which was not to recover possession, but for damages for a trespass, and that, therefore, the charge should have been to the effect "that if the plaintiff has satisfied you that it was in actual possession of the tract of land described in the complaint, and that defendant has committed trespass within the lines of said tract, then the plaintiff will be entitled to recover, unless the defendant has satisfied the jury that it has good title in itself to the land upon which the alleged trespass was committed, or that it did the acts complained of as trespass by the permission, or under a license from the real owner of the land."

The important question is thus raised whether a plaintiff, alleging both title and possession, is entitled to recover damages upon proof of his possession, and the invasion of

it by the defendant without proving also that he had a perfect title. The question must be answered in the affirmative. One person who finds another in possession of land cannot, by seizing the possession or invading it, put him whose possession he seized or invaded to proof of his title. In such a case possession is *prima facie* evidence of title, and he who invades it must establish his title. If this were not so a holder of land could be put to proof of title against the world by any one who might choose to trespass or squat upon his lands. This conclusion is well supported by authority. When the plaintiff alleges an invasion of his possession this gives character to the action as one in the nature of the old action of *trespass quare clausum fregit.* *Crouch* v. *Burke,* 2 Hill, 503; *Connor* v. *Johnson,* 59 S. C., 115, 37 S. E., 240.

The Court in *Young* v. *Watson,* 1 McM., 449, intimated by the words we have italicized that the possession of a plaintiff of which he had been deprived by the entry of a defendant would support even an action of trespass to try title, for the Court said as to the mere prior possession of the plaintiff: "It cannot be allowed to prevail against the actual possession of the defendant, *who did not enter upon the plaintiff,* and which for aught that appears might be as rightful as that which the plaintiff formerly held;" and Judge O'Neall, in a concurring opinion, said: "When the plaintiff's possession, actual or constructive, is entered upon, I think such possession is evidence of title to put the defendant to prove his title." In *Connor* v. *Johnson, supra,* the Court held that the action was in the nature of trespass *quare clausum fregit,* that is, an action for the invasion of the possession of plaintiff, where the complaint alleged the plaintiff to be in possession *under a paper title,* and that the defendant had trespassed, and the answer denied all the allegations, including, of course, the allegations of plaintiff's possession and his paper title, and set up title in defendant. In such an action it was held that it was only

necessary for the plaintiff to show possession, and that for defendant to prevent a recovery it was not sufficient to show that the plaintiff had no title, but that he must show title in himself. That case seems conclusive of the point under discussion. To the same effect is *Hillhouse* v. *Jennings,* 60 S. C., 401, 38 S. E., 396, 54 L. R. A., 401, where the Court says: "We may say, however, that when the allegations of the complaint are such as would have sustained an action of trespass *quare clausum fregit* under the former practice peaceable possession alone is sufficient to support the action, and throws upon the defendant the burden of proving the better title." *Watts* v. *Blalock,* 17 S. C., 163; *Turner* v. *Poston,* 63 S. C., 244, 41 S. E., 296. In the case last cited the reason for the rule is thus well stated: "If the defendant in this case had brought his action against the plaintiff, he could not have recovered on such a title as he has shown in this case, and he cannot be allowed to put himself in a better position by committing a trespass on the plaintiff. The right of possession is a very sacred one, and the Court will not allow the repose which it gives to be endangered by giving improper advantages to a trespasser. If defendant had a good title he should have resorted to the Courts, where he could have obtained any redress to which, by law, he was entitled." The same principle has been laid down by the Supreme Court of the United States in *Burt* v. *Panjaud,* 99 U. S., 180, 25 L. Edition, 453; *Bradshaw* v. *Ashley,* 180 U. S., 59, 45 L. Ed., 458, and other cases. The cases relied on by defendant's counsel are very clearly distinguished, and are in no sense opposed to the rule stated.

In *Geiger* v. *Kaigler,* 15 S. C., 262, the action was exclusively for the recovery of the possession of land, the allegation of the complaint being that the defendant had acquired possession in 1863, many years before the action was brought, from the executor of the will under which plaintiffs claimed. There was no allegation that the plaintiffs

had ever been in possession. The defendant denied that Henry J. Geiger, who made the will under which plaintiffs claimed, had ever been seized of the land; and, for a second defense, alleged that he had purchased the land from the executor of the will of Henry J. Geiger, who was empowered to sell, that he had paid the purchase money and had been in the possession since 1863. As there was no proof of the second defense, it was held that it could not be considered. In this state of the case the Court held: "This action was brought, as stated, expressly to recover the land in dispute, upon the ground that the plaintiffs had title to the same; and even if the old rule as to the necessity of proving title should now be held to be modified so as to allow a person deprived of the possession of land, under proper allegation, to recover that possession without proof of title, it can have no application to this case. *Here prior possession* cannot stand for title, although it is an action in the form prescribed by the code and not technically trespass to try title under the statute. The plaintiffs staked themselves upon their title, and they must recover, if at all, upon the strength of that title." This is very far from holding that a person in possession cannot recover from one who disseizes him or undertakes to assert ownership by cutting timber or otherwise invading the posession.

*Heyward* v. *Farmers Co.,* 42 S. C., 138, 19 S. E., 963, 28 L. R. A., 42, was an action for injunction to restrain trespass. The Circuit Judge in granting the injunction required the plaintiff to "institute on the law side of the Court such action as he may be advised by his counsel for the purpose of determining the question as to title to the land described in the complaint." From this order there was no appeal. The action was brought under this order, and therefore the plaintiff, as the actor, was bound by the order to do what it required, namely, to assert and prove his title to the land. In addition to this, the State was a party defendant entitled to stand upon its

*prima facie* ownership of the soil. It was on these considerations that the Court held that the plaintiff, though alleging his own possession and a trespass thereon, was obliged to prove title. The case is obviously taken out of the general rule by its peculiar facts.

In *Bank* v. *Peterkin,* 52 S. C., 236, 29 S. E., 546, the plaintiff brought an action to foreclose a mortgage, and the record does not indicate that there was any allegation of possession, either in the mortgagee or the mortgagor. The defendant set up paramount title and possession of a part of the land originating before the mortgage was given. The holding that on the legal issue of title the plaintiff had the burden of proof therefore does not affect the question now under consideration.

The case of *Love* v. *Turner,* 71 S. C., 322, 51 S. E., 101, was held to be, not an action in the nature of trespass *quare clausum fregit,* but an action to recover possession of real estate. There the complaint alleged: "That the said defendant continues to assert her claim of title against this plaintiff to said premises, to deny plaintiff's right therein, and asserts her determination to prevent the use and enjoyment of said premises by the plaintiff, or persons holding under plaintiff, and to continue to use and occupy it for her own benefit; rendering it necessary for plaintiff to apply to this Court for relief and for the protection of his title." There was no allegation that the plaintiff was in possession, and that this possession had been invaded by acts of trespass. On the contrary, the plaintiff insisted that the action was to recover possession.

It is true that in *Shettlesworth* v. *Hughey,* 9 Rich., 387; *Parker* v. *Legett,* 12 Rich., 200, and *Sims* v. *Davis,* 70 S. C., 362, 49 S. E., 872, it was held that the verdict was decisive of the title in an action of damages for trespass brought by one in possession when the title was put in issue. But in none of these cases is it held that on the trial of the issue the plaintiff in possession must assume

the burden of proving his title against the world. As we have seen, possession not obtained by a tortious act is *prima facie* evidence of title, and upon this the plaintiff may rest until the defendant justifies his invasion of the possession by proving either title in himself or a license to enter from the true owner.

We conclude, therefore, that, if the plaintiff held possession of the land not acquired by the disseizin of the defendant, it was entitled to hold the land, and to recover of the defendant damages for invasion of its possession, and for the cutting of timber, unless the defendant proved title in itself, or a license from one proved to be the true owner; and that the Court was in error in charging otherwise.

The Court was also in error in charging that if the land in dispute was covered by defendant's chain of title, then the defendant had shown perfect title to the land, unless its title had been defeated by adverse possession. The defendant's claim through written instruments only extended back to 1867, and was not connected with a grant from the State. Hence it was not for the Court to say that the chain of title was perfect, since the jury must necessarily determine whether there had been such possession as to presume a grant from the State or such adverse possession as would complete its title.

The exception alleging error in the following instruction must also be sustained: "I charge you that if the written instrument introduced by plaintiff does not cover the land described in this complaint he cannot recover. If the written chain of title introduced here by plaintiff does not cover and embrace and convey the land described in the complaint, he cannot recover, and if it is not covered by his written chain, written instruments here that would be a failure on the part of the plaintiff to establish a written title or written chain of title to that land." The plaintiff relied not only on written instru-

ments, but on the claim of presumption of a grant from twenty years' possession, and on adverse possession. Even under the theory of the case adopted by the Circuit Judge, that the plaintiff could in no event recover without proof of perfect title, the jury might have found a perfect title in the plaintiff from the presumption of twenty years' possession, or from adverse possession for ten years.

The Court excluded evidence of the declarations of Mr. Pritchard, one of the persons under whom the defendant claims, as to the land lines, and as to trespassing on the lands of the plaintiff. These declarations, if made while Mr. Pritchard was owner of the property, were competent. *Ellen* v. *Ellen,* 16 S. C., 1232; *Levi* v. *Gardner,* 53 S. C., 24, 30 S. E., 617.

We have covered in the discussion a number of the exceptions not particularly mentioned. The remaining exceptions are hypercritical and unsubstantial.

It is the judgment of this Court that the judgment of the Circuit Court be reversed and the cause be remanded to that Court for a new trial.

MR. JUSTICE GARY *concurs in the result.*