8258

STEPHENS v. LONG & BELLAMY.

1. PLEADINGS.—A clerical error in stating the number of acres claimed in a tract of land and in the numbers of the lots of which it is composed, shown by the evidence to be an error, is not material.

2. EVIDENCE—REAL PROPERTY—FEDERAL STATUTES.—Under section 882 of the Rev. Stats. of the United States, certified copies of certificates of purchase of lands from the direct tax commissioners are admissible in evidence as the originals.

3. REAL PROPERTY—ADVERSE POSSESSION.—Where a defendant claims lands under a deed less than ten years old, no question of adverse possession can arise.

4. EVIDENCE—REAL PROPERTY—DEEDS.—In ascertaining the limits or boundaries to land, the deed should be read in the light of all the

circumstances surrounding the parties at the date of its execution and where the description involves a latent ambiguity, what the parties intended is for the jury.

Before SEASE, J., Beaufort, June term, 1911.    Affirmed.

Action by Lulu V. Stephens *et al.* against Long & Bellamy.    Defendants appeal.

The following plat elucidates the issues in the case:

*Messrs. Thos. Talbird* and *Tillinghast & Tillinghast,* for appellants, cite: *Copy of certificate of purchase was not admissible:* 73 S. C. 506. *Court should construed the deed:* 81 S. C. 313; 71 S. C. 271; 22 S. C. 288. *Rule of*

*construction:* 2 Strob. 158; 42 S. C. 343; 1 Strob. 143; 5 L. R. A. 297; 88 S. W. 394; 33 Me. 204; 40 Me. 536; 22 N. J. Eq. 66; 73 N. Y. 621; 110 Mass. 280; 59 N. H. 101; 17 Me. 550; 1 Rich. L. 141; 1 Rich. Eq. 442; 72 Ark. 496.

*Mr. W. J. Thomas,* contra, cites: *The certified copy of certificate of purchase was properly admitted:* 98 U. S. 517. *Issue of adverse possession does not arise:* 71 S. C. 330.

July 17, 1912. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. The plaintiffs, who are the heirs or the representatives of heirs of W. J. Verdier, brought this action to recover a tract of land, which is described in the complaint as follows: "All that land situate, lying and being on Port Royal Island, Beaufort county, South Carolina, containing one hundred and ten acres, more or less, described as lots Nos. 51, 52, 53, 60, 61, 62, 63 and 64, and fractional lots 44, 45, 46, 49, 50, 52 and 59, all in Section 9, Township 1, north of the Beaufort base line, and Range 2, west of St. Helena meridian, according to the plat of the United States direct tax commissioners for the District of South Carolina."

To understand clearly the questions presented for decision, it will be necessary to refer to the plat in evidence. Each lot on the plat contains ten acres. W. J. Verdier bought the tract in Section 9, which is described in the complaint, at a sale made by the United States direct tax commissioners in 1876. About the same time, he bought also the tract in Section 16, which is particularly described in the deed made by certain of his heirs to the defendant, Long. It is probable that the two tracts were conveyed to Mr. Verdier by separate deeds. At any rate, the certificate of the tax commissioners, in evidence, covers only the tract in Section 9, and his daughter testified that he bought the two tracts at different times. It is not clear from the evi-

dence whether the two tracts were, before the sale by the
commissioners, parts of the same plantation, but there is
evidence that, after they were purchased by Mr. Verdier,
they were known together as "Spring Hill" plantation.
Mr. Verdier had possession of both tracts, except thirty
acres which he conveyed to Moses Fields, and which is
described in the deed to the defendant, Long, from the date
of his purchase, until his death, in 1902.

In 1903 six of his heirs conveyed to the defendant, Long,
their undivided six-sevenths interest in a tract described in
their deed as follows: "All of that certain piece, parcel or
lot of land situate, lying and being on Port Royal Island, in
the county of Beaufort, and State of South Carolina, and
known and described as Lots 1, 2, 3, 4, 5, 6, 11, 12, 13, 14,
15, 16, 17, 18, 19, 20, 21, 29, 30, 31, 32, 34, 35 and 36, and
fraction of Lots 22, 28, 33, comprising two hundred and
fifty acres, more or less, in Section 1, Township 1, north,
Range 2, west, according to the survey of the United States
direct tax commissioners for the District of South Carolina,
reserving the public right of way, and located on Port
Royal Island, Beaufort county, South Carolina, and known
as Spring Hill plantation, save and except that portion
thereof which is included in the following lines, to wit: A
line starting at the point where the western boundary line
of said plantation strikes the north side of the road leading
from the Shell road to 'Old House' plantation, running
thence northerly along the western boundary line of said
'Spring Hill' plantation 626¼ feet, thence easterly and
parallel to said road running to 'Old House' 2,087½ feet,
thence southerly to said road leading to 'Old House' 626¼
feet, thence along said 'Old House' road westerly 2,087½
feet to the point of departure, having its northern and
southern lines parallel and coextensive, and its eastern and
western lines parallel and coextensive, measuring and con-
taining thirty acres, more or less, being the portion of said
plantation conveyed to Moses Fields by deed bearing date

the 31st of March, 1891, by W. J. Verdier, deceased, the
father of grantors."

It will be noticed that the tract last above described is
designated as "Spring Hill" plantation, and that is the prin-
cipal fact which caused and characterized this litigation.

A certified copy of the certificate of the purchase of the
tract in Section 9, which was given to Mr. Verdier by the
tax commissioners, describes that tract precisely as it is
described in the complaint, except that "54" is given as one
of the lots of which a fractional part was included, instead
of "52" which is given in the complaint. This is evidently
a clerical error in the complaint, for it appears from both
the certificate and the plat that the whole of Lot 52 was
included in the sale, and that only a part of Lot 54 was
included.

It seems that, after the death of Mr. Verdier, his heirs
moved away from Beaufort, and appointed Dr. White their
agent, to rent and sell their lands, and it was through him
that defendant Long purchased. He testified that while he
was negotiating with Dr. White for the purchase of the
Verdier tract, and before he concluded the agreement, he
went to look at the land, and that Dr. White referred him
to Moses Fields to show him the lines, and that Fields
showed him the boundaries of both the tracts in Sections 9
and 16 as included in the Verdier tract. In this he is
corroborated by Fields, except that Fields says that, when
Mr. Long came to look at the land, he told him he *had
bought* it. He says also that Dr. White told him he sold
Mr. Long all the land.

After his purchase, the defendant Long took possession
of all the Verdier lands in both Sections 9 and 16, and he
and his codefendant, claiming under that purchase, are
still in possession of both tracts. He says that on account
of the absence from Beaufort of the Verdier heirs, he did
not receive his deed from Dr. White until three months

after he had bought the land, paid for it, and gone into possession, and that when the deed was delivered· to ·him by Dr. White, he, supposing that it covered the land he had bought, put it into his safe, without examining it, and knew nothing to the contrary, until he was notified by plaintiffs'· attorney of their claim.

Besides the description of the tract conveyed as "Spring Hill" plantation, there were some circumstances tending to show that the Verdier heirs intended to convey to the defendant Long, by their deed of 1903, their interest in all the lands on the island which they had inherited from their father.

It appears from the evidence that the tract conveyed to Moses Fields by Mr. Verdier lies almost entirely in Section 16. It may extend as far as thirty feet into Section 9.

The answer of the defendants was a general denial. Notwithstanding they did not plead mistake or misrepresentation, the jury were instructed that "when there is a mutual mistake as to the property sold, the law will relieve against it." They were also charged, in substance, that, if the plaintiffs had established title to the lands described in the complaint in themselves, and if they had not conveyed it to the defendant Long, they were entitled to recover. The jury found for plaintiffs the land in dispute.

There is no merit in the first and second exceptions, which are based on the clerical error in the complaint hereinbefore mentioned. There was no error in admitting in evidence a certified copy of the certificate given to Mr. Verdier by the tax commissioners. The act of Congress (section 882 of the Revised Statutes of the United States) provides that such copies "shall be admitted in evidence equally with the originals thereof."

As the undisputed evidence showed that the defendants' only claim to the land was under the deed made to the

defendant Long by the heirs of W. J. Verdier, in 1903, no question of title by adverse possession in the defendants could have arisen, and, for the same reason, the statute of limitations cannot aid the appellants, because charging that, if defendants had held the land uninterruptedly for ten years, the plaintiffs would be barred, was more favorable to the defendants than the evidence warranted, as defendants had not been in possession ten years.

Appellants contend that the Court should have construed the deed of the Verdier heirs to defendant Long, and have charged the jury that it conveyed the entire "Spring Hill" plantation. The Court could not have done so without invading the province of the jury. The question was one of intention. It would have been more satisfactory if the issue, whether the Verdier heirs, by their deed of 1903, intended to convey to defendant Long their interest in all the land in both sections, which they had inherited from their father, had been more clearly and specifically submitted to the jury. But, while the Court did not charge directly upon the question of intention, he did charge, by implication, if they conveyed the land to Long, they were not entitled to recover. But appellants made no request for a more specific charge upon that subject, and we find no error in what was charged.

In ascertaining the limits or boundaries of land which a grantor intended to convey, the Courts will read his deed in the light of all the circumstances surrounding the parties when the deed was executed, and also of their subsequent conduct relative to it; and when the description involves a latent ambiguity, what the parties intended it to cover becomes a question of fact for the jury and not one of construction for the Court. *Foy* v. *Neal*, 2 Strob., 156; *Johnson* v. *McMillan*, 1 Strob., 143; *Norwood* v. *Byrd*, 1 Rich. 135; *State* v. *Pinckney*, 22 S. C. 507; *Scates* v. *Henderson,*

44 S. C. 548, 22 S. E. 724; *Glover* v. *Gasque,* 67 S. C. 18, 45 S. E. 113.

Affirmed.

MESSRS. JUSTICES WATTS *and* FRASER *did not participate in this opinion.*