8447

DuBOIS v. PEEPLES.

1. REAL PROPERTY—TITLE—EVIDENCE.—Conveyance of land may be inferred from facts and circumstances. Possession of land for twenty years raises a presumption of a grant from the State or a former owner.

2. IBID.—IBID.—VERDICT.—Where a plaintiff claiming title to land fails to prove actual or constructive possession at time of trespass by him, the verdict should be for defendant.

Before MEMMINGER, J., Beaufort, July, 1912. Affirmed.

Action by Kate H. DuBois against Jesse D. Peeples. Plaintiff appeals.

*Messrs. W. S. Tillinghast* and *W. P. Tillinghast,* for appellant, cite: *Defendant should connect himself with a former owner:* 86 S. C. 358; 56 S. C. 263.

*Mr. W. J. Thomas,* contra, cites: *Ten years adverse possession ripens into title:* 48 S. C. 488; 86 S. C. 292.

March 14, 1913. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This was an action for damages for trespass on land. Defendant denied plaintiff's allegation of title and possession, and justified the alleged trespass under claim of title.

Plaintiff claimed under a deed from Elizabeth Seabrook, dated January 14, 1891. Her testimony tended to prove that her grantor had possession from 1854 to the date of her deed, and that she had held possession ever since under her deed.

Defendant's testimony tended to prove that the Hardees owned and had possession of the land before, during and after the war, until about 1867, when it was sold for taxes; that, from that time, it was used as school property and was in the possession of the school trustees, until May 31, 1900, when they conveyed to William Keyserling, who conveyed to McDonald and others, July 10, 1900, and they to defendant, on March 15, 1904, and that he has had possession ever since.

One of the plaintiff's contentions is that there was no evidence tending to prove title in defendant, because there was no evidence of any conveyance from the Hardees to the school trustees. While there was no direct evidence of such conveyance, the facts and circumstances proved warranted an inference of it. Besides, the possession of the school trustees from 1867 to 1900 was such as to give rise to the presumption of a grant to them from the Hardees and from the State.

Therefore, it could have made no difference in the result, if the title and possession of the Hardees had been left entirely out of view; and the error, if any, of submitting to the jury, whether the Hardees had title, and, if so, whether defendant had acquired it, was harmless. But examination of the charge shows that the exceptions upon this point are to portions of the charge in which the Court was merely stating the defendant's contentions, and not the facts, as the exceptions allege.

The questions as to who had actual possession of the land in dispute, and as to whether the deeds in defendant's chain of title covered it, were properly submitted to the jury. Upon the first question, the testimony was conflicting; but, upon the second, the trial seems to have proceeded upon the assumption that plaintiff's deed and defendant's deeds covered the land in dispute, as they appear to do.

The Court, therefore, properly instructed the jury that, if plaintiff failed to prove that she had either actual or constructive possession, such as would be presumed from proof of paper title, when the alleged trespass was committed, the verdict should be for defendant. *Beaufort etc. Co.* v. *New River etc. Co.,* 86 S. C. 358, 68 S. E. 637.

Affirmed.