16607

LANE v. MIMS *ET AL.*

(70 S. E. (2d) 244)

*Messrs. Connor & Connor* and *Philip C. Stoll,* of Kings-
tree, *for Appellant,* cite:

*Messrs. Shuler & Harrell* and *J. D. O'Bryan,* of Kingstree, *for Respondents,* cite:

*Messrs. Connor & Connor* and *Philip C. Stoll,* of Kingstree, *for Appellant, in reply,* cite:

March 28, 1952.

FISHBURNE, Justice.

The plaintiff (appellant here) brought this action against the defendants alleging that he is the owner and in possession of a tract of land containing 547 acres, more or less, situate in Williamsburg County, and that the defendants were trespassing thereon and interfering with his peaceable

possession. He alleged irreparable damage and prayed for an injunction.

By their answer, the defendants raised an issue of title to a portion of the above-mentioned tract of land, comprising about 100 acres; denied that they were trespassing upon lands of the plaintiff, and alleged that the defendant, R. A. Mims, was the owner in fee of the 100 acres referred to, which it is stated is a portion of the undivided lands of one John D. Mims.

The plaintiff secured a temporary restraining order, enjoining the defendants from further trespassing upon the lands described in the complaint.

At the close of plaintiff's testimony, the defendants made a motion for a nonsuit on the ground that plaintiff had failed to prove title to the property in dispute. The motion was granted and this appeal followed.

In our opinion, the trial judge misconceived the character of the action. It is one of trespass *quare clausum fregit,* which primarily involves the question of possession of land.

In this action, the plaintiff alleged both title and possession, and the invasion of his possession. These allegations have always been considered entirely proper in an action of trespass *quare clausum fregit.*

As was said in *Beaufort Land & Investment Co. v. New River Lumber Co.,* 86 S. C. 358, 68 S. E. 637, 638, 30 L. R. A., N. S., 243:

"The important question is thus raised whether a plaintiff alleging both title and possession is entitled to recover damages upon proof of his possession and the invasion of it by the defendant, without proving also that he had a perfect title. The question must be answered in the affirmative. One person who finds another in possession of land cannot by seizing the possession or invading it, put him whose possession he seized or invaded to proof of his title. In such a case

possession is *prima facie* evidence of title and he who invades it must establish his title. If this were not so, a holder of land could be put to proof of title against the world by any one who might choose to trespass or squat upon his lands. This conclusion is well supported by authority. When the plaintiff alleges an invasion of his possession this gives character to the action, as one in the nature of the old action of trespass *quare clausum fregit.*"

The above case has been followed consistently, as will be seen by the numerous cases cited in *Battle v. De Vane,* 140 S. C. 305, 138 S. E. 821, 825. Quoting from *Battle v. De Vane, supra:*

"In an action of trespass *q. c. f.* the plaintiff may recover either upon his possession or upon his title. *Rhodes v. Bunch,* 3 McCord 66; *Davis v. Clancy,* 3 McCord 422; *Vance v. Beatty,* 4 Rich. 104. If he should allege both title and possession, and the invasion of his possession, the form of the action is not changed, and the fact of the double allegation does not prevent his recovery upon either. The defendant may, whether the plaintiff alleges title or not, set up title in himself or license from the true owner, which, if established, will amount to an adjudication that he, and not the plaintiff, is entitled to the possession, thus defeating the plaintiff's case. Upon this issue the defendant assumes the burden of proof."

To the same effect see *Lyles v. Fellers,* 138 S. C. 31, 136 S. E. 13.

" 'Trespass to try title,' is quite a different matter from trespass *'quare clausum fregit.'* In such action, to try title one must prove title, but the plaintiff here is suing for injury and damage to the possession. In such actions possession is all that is necessary; title is not material. *Connor v. Johnson,* 59 S. C. 115, at page 131, 37 S. E. 240; *Beaufort Investment Co. v. Lumber Co.,* 86 S. C. 358, at page 362, 68 S. E. 637, 30 L. R. A., N. S., 243; *Vance v. Ferguson,* 101 S. C. 125, at page 132, 85 S. E. 241; 26 R. C. L.,

page 938, and pages 955 to 960." *Bethea v. Home Furniture Co.,* 185 S. C. 271, 194 S. E. 10, 11.

Although the action of trespass *quare clausum fregit* is founded upon possession, this possession may be actual or constructive. Where no actual occupancy exists, it has been held that upon showing title in himself, the plaintiff may maintain the action, because the title to the *locus in quo* "draws after it possession, and this in our cases has been called constructive possession." *Vance v. Beatty,* 4 Rich. 104; *Littleton v. Roberts,* 181 S. C. 303, 187 S. E. 349.

"In ascertaining the limits or boundaries of land which a grantor intended to convey, the courts will read his deed in the light of all the circumstances surrounding the parties when the deed was executed, and also of their subsequent conduct relative to it; and when the description involves a latent ambiguity, what the parties intended it to cover becomes a question of fact for the jury, and not one of construction for the court. *Foy v. Neal,* 2 Strob. 156; *Johnson v. McMillan,* 1 Strob. 143; *Norwood v. Byrd,* 1 Rich. 135; *State v. Pinckney,* 22 S. C. [484] 507; *Scates v. Henderson,* 44 S. C. 548, 22 S. E. 724; *Glover v. Gasque,* 67 S. C. 18, 45 S. E. 113." *Stephens v. Long & Bellamy,* 92 S. C. 65, 75 S. E. 530, 533.

The evidence offered by plaintiff tends to show that he went into possession of the entire tract of land, consisting of 547 acres as described in the complaint, on January 1, 1946, under a written lease from W. K. Gamble, which lease describes the tract as containing "four hundred sixty (460) acres, more or less." The lease contained an option to purchase, and pursuant to this option the plaintiff purchased the tract on September 15, 1947, and claims to have continued in possession of the entire acreage (547 acres) up to the present time. The testimony also tends to show that this possession tacked to that of his predecessors in title extends back for a period of more than thirty years, and that no

claim to any portion of the tract was made by the defendant, R. A. Mims, or any of the other named defendants, until after the plaintiff acquired title.

According to evidence offered by the plaintiff, he was in possession of the disputed area, fenced it, used it for pasture, and proved such other acts of ownership as are usually exercised over woodland. It was not until after he acquired title to the property, as shown by him, that the defendants began their acts of trespass.

The motion for nonsuit was made and granted at the close of the testimony introduced by the plaintiff, hence there is nothing in the record tending to show title in the defendant, R. A. Mims. Appellant's testimony tended to show that after he acquired title to the property in question, he discovered evidence on the tract indicating trespasses on the part of the defendant. Some brush and timber were cut, and certain notices were nailed to the trees, of which the following is typical: "If the court give you this land we will take our notices down and the nails out of the trees. This land is owned by R. A. Mims and his heirs. Respectfully, R. A. Mims."

In passing on a motion for an involuntary nonsuit, it is not the court's function to weigh the testimony, but to determine if there is any relevant and competent testimony reasonably tending to establish the plaintiff's cause of action; and of course under our decisions the testimony must be viewed most favorably to the plaintiff. *Mahon v. Spartanburg Co.*, 205 S. C. 441, 32 S. E. (2d) 368; *Arkwright Mills v. Clearwater Mfg. Co.*, 217 S. C. 530, 61 S. E. (2d) 165. The evidence tending to support the allegations of the complaint must be taken as true, and if more than one reasonable inference can be drawn, the issues must be submitted to the jury. *Marks v. I. M. Pearlstine & Sons*, 203 S. C. 318, 26 S. E. (2d) 835.

A fuller recital of the testimony than we have given is deemed neither necessary nor advisable, as in our opinion, the jury should have been permitted to pass upon the facts, which established a *prima. facie* case. It is manifest that to hold that the plaintiff can recover only upon proof of his title constituted error.

It is therefore ordered that the judgment of the lower court be reversed and that the case be remanded for a new trial.

Judgment reversed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.