POINSETT LUMBER AND MANUFAC-
TURING COMPANY, Appellee,

v.

Benjamin Miles HAMMOND, Appellant.

No. 8703.

United States Court of Appeals
Fourth Circuit.

Argued Sept. 25, 1962.

Decided Nov. 5, 1962.

John E. Johnston, Greenville, S. C., for appellant.

O. G. Calhoun, Jr., Greenville, S. C., for appellee.

Before BOREMAN and BRYAN, Circuit Judges, and JOHN PAUL, District Judge.

PER CURIAM.

This appeal will be dismissed, with prejudice, for the reasons hereinafter stated.

In 1939 Poinsett Lumber and Manufacturing Company purchased tracts of timber land aggregating more than 68,000 acres in Pickens and Oconee Counties, South Carolina. The evidence disclosed that these lands had been continuously under the domination, supervision and control of the agents of Poinsett and its predecessors in title from 1909 to the time of the hearing before the District Court and that possession of Poinsett and its predecessors had been open, notorious and adverse throughout those years.

In 1955 Poinsett was notified by an attorney that appellant, Hammond, was claiming these timber lands but neither Hammond nor his attorney made any effort to exercise any control over the property until 1957 when Hammond, accompanied by two other persons, cut trees and brush on the property and attempted to run a survey. Hammond was requested by Poinsett's agent to leave the premises. Thereafter, on September 9, 1957, this action against Hammond for trespass *quare clausum fregit* and praying for a permanent injunction was instituted by Poinsett in the Court of Common Pleas for Pickens County, South Carolina. Hammond, by an attorney who then represented him, removed the case to the United States District Court for the Western District of South Carolina, Anderson Division, and by his answer alleged title to the lands in question.

After three continuances, by consent of the parties and to suit their convenience, the case was transferred on February 3, 1959, from the Anderson Division to the Greenville Division for trial. On February 24, 1959, a continuance was granted on formal motion of Hammond's attorney based on Hammond's physical condition.

The case was then docketed for trial a number of times and on October 31, 1960, was again continued because of Hammond's physical condition although Poinsett was then ready for trial. The District Judge noted that Poinsett had been trying to get the case to trial since it had been pending and, in order to expedite proceedings, ordered a reference to a Special Master for hearing and report of his findings and conclusions. Poinsett's efforts to get a hearing before the Master were unsuccessful and Poinsett then asked that the court take some specific action to get the case to trial. Attorneys for the parties and the Master were notified on January 15, 1962, that the reference would be dissolved and

the case would be heard by the court unless the matters involved could be disposed of by the Master within thirty days. The Master was unable to arrange a hearing within the thirty day period, the reference was dissolved and the case was set for trial before the court on March 5, 1962. On that date counsel for Poinsett was present with witnesses and ready for trial. However, Hammond's counsel was sick and Hammond was not present. The court then specially set the case for hearing on March 21, 1962, and all counsel were notified that disposition would be made at that time.

At the hearing on March 21 the court refused the request of Hammond's counsel for a further continuance and heard Poinsett's presentation of its case. Poinsett's witnesses were cross-examined by Hammond's counsel who had been representing Hammond throughout the prior proceedings but Hammond was not present and no evidence in his behalf was presented. The court concluded that Poinsett had made out a case and handed down an opinion and order dated March 30, 1962, granting an injunction to Poinsett but allowing Hammond a period of thirty days from that date in which to show good cause why the order should not become final. No such showing was made, the order of March 30, 1962, became final and the injunction became permanent. Hammond then gave notice of appeal, *in propria persona*, on May 19, 1962. The record on appeal was thereafter docketed and notice was given by the clerk of this court that Hammond's brief should be filed on or before August 4, 1962. No brief has been filed. However, in the meantime Hammond had engaged different counsel and on August 2, 1962, this counsel filed with the District Court a notice of motion under Rule 60 (b), Federal Rules of Civil Procedure for relief from its final judgment.

On September 4, 1962, Hammond filed with this court a motion for a voluntary dismissal of this appeal but without prejudice to his right to pursue such other remedies as are available to him. He and his counsel admit that, on the present record, his appeal is without merit. Attached to the motion is his own affidavit. On September 10, 1962, Poinsett filed its countermotion seeking affirmance of the District Court's judgment or dismissal of the appeal *with prejudice* to any further proceedings by Hammond. On September 17, 1962, Hammond filed his return to Poinsett's countermotion and requested, in the alternative, that this court direct the District Court to set aside its judgment order and allow Hammond to present his case under Rule 60 (b).

Hammond contends that, during much of the five years this case remained untried, ill health and doctor's orders required that he reside in Florida or California; that he was hospitalized in California during six of the thirty days provided by the District Court in its order of March 30, 1962, for reopening the case; that, through no fault of his, communication and contact between him and his former counsel had broken down in the spring of 1962; that he had no personal notice of the March 5 and March 21, 1962, trial dates; that he learned of the order of March 30, 1962, only when he received it in California on April 6, 1962. His motion for relief under Rule 60(b), filed with the District Court, is based primarily on these allegations.

At the hearing before the District Court, Poinsett presented evidence which, uncontradicted and unchallenged, was sufficient to prove its right to maintain its action, Hammond's acts of trespass and Poinsett's entitlement to the relief granted. The burden of proof then shifted to Hammond to prove title superior to that of Poinsett.[1] Hammond admits that he was represented by counsel at the hearing and at every stage of

1. See Lane v. Mims, 221 S.C. 236, 70 S.E. 2d 244 (1952); Battle v. De Vane, 140 S.C. 305, 138 S.E. 821 (1927); Beaufort Land & Investment Co. v. New River Lumber Co., 86 S.C. 358, 68 S.E. 637, 30 L.R.A.,N.S., 243 (1910).

the proceedings prior thereto. In the records and papers before us there is nothing to even suggest a claim by Hammond that, had he been present at the hearing, he could have testified personally as to facts not otherwise provable which would have justified a different result. It is not claimed that there is evidence now available to Hammond which could not have been presented at the hearing on March 21 or at any time during the pendency of this litigation.

 It is noted that Hammond first made known to Poinsett his claim of title in 1955 and his acts of trespass were committed in 1957 under claim of right. It was then that Poinsett formally challenged Hammond's claims by legal action but not until 1962, despite its persistent efforts, was Poinsett able to obtain a judicial determination of its ownership of the property in question. Hammond makes no effort to convince us that he was physically incapacitated continuously throughout these years. His actions and conduct are not those reasonably to be expected of one who, in good faith, is hoping to reap the financial benefits naturally flowing from ownership of valuable timber lands. We reject the contention that Hammond has been denied his day in court.

The District Court, in its order of March 30, 1962, observed: "The plaintiff [Poinsett], at the start of this action in 1957, had a number of aged witnesses, many of whom have died since the inception of this action. This is important litigation involving many acres of valuable timber land and should have been disposed of before now." We conclude that, under the circumstances, both the District Court and counsel for Poinsett exhibited boundless patience and marked consideration. But there comes a time when patience ceases to be a virtue; litigation should not be permitted to be needlessly and unreasonably protracted, particularly where, as here, valuable property rights are to be determined.

Appeal dismissed with prejudice.